## Morgan, et al. v. Morgan, et al.

1. It is an appropriate office of Chancery, to enforce specific performance of agreements for the sale of realty.
2. Prevention of litigation under some circumstances, forms a subject for Chancery jurisdiction; as where one person has a right, which various persons may litigate in several actions.
3. Where A. claims of B. specific performance of a sale of land, C., D. and E., judgment creditors of B., may be made parties defendant to A's. bill.
4. And it is no objection in such case, to the interference of Chancery, that complainant's right, which he seeks to quiet, has not been established at law; much less can such an objection avail, when the right is one peculiarly proper for Chancery jurisdiction.
5. Privity or connection between the defendants, is not necessary in bills of peace.
6. An equitable title will prevail against creditors or purchasers of one, having only a naked legal title.
7. A purchaser of land is not bound to have the evidence of a mere equitable title recorded, either as to creditors or subsequent purchasers.
8. Delivery of possession to the purchaser of land, is deemed an act equivalent to registration of the title deed, and should put every person upon inquiry as to the title.

This was a suit in Chancery, commenced in the Circuit Court of Tuscaloosa county, by Calvin, Gideon, and Eliza Morgan, complainants, against George Morgan, Boyd & Suydam, David J. Boyd & Co., Weyman & Clark, and Lawrence & Keese, defendants. From the bill, it appears that in the year 1821, the defendant, Morgan, became the proprietor of lots numbered two, sixty nine, seventy, and one hundred and sixty one, in the town of Tuscaloosa, which he had previously purchased at the government sales; that he agreed to sell said lots to the complainants, in consideration of a large sum, which he was then owing them; and that in as much as he had not received the patents from the government, he gave a bond conditioned for the conveyance of title to the three first described lots, and entered into an agreement for the conveyance of title to lot numbered one hundred and sixty one. The time fixed for perfecting the title, was upon request, after the reception of the patents. It further appears, that the complainants have been in possession since the purchase, and that the change of ownership has been a matter of public notoriety in the town of Tuscaloosa. The bill further alleges, that the co-defendants of Morgan, in 1824, became his judgment creditors, and have had executions levied on said lots. It is also alleged, that the defendant, Morgan, has failed to perfect the titles

JANUARY 1831

Morgan, et al.
v.
Morgan, et al.

of the complainants, though he has received patents for the lots; and the bill prays that the defendant, Morgan, may be decreed to convey title, pursuant to his undertaking, and that the other defendants be enjoined from enforcing a sale, under their respective executions. The defendants, Boyd & Suydam, David J. Boyd & Co., and Lawrence & Keese, demurred; the other defendants were not in Court. The cause was submitted in the Court below, upon the demurrer, and a decree was rendered sustaining the demurrer, dismissing the bill, and dissolving the injunction, for the want of equity in the bill. The complainants brought the cause to this Court, and assigned as error in the record, the sustaining of the demurrer, the dismissing of the bill, and the dissolution of the injunction.

ELLIS, for the plaintiffs. In arguing the assignments of error, the points I shall make, are first, that the bill is certainly sustainable as to George Morgan. The suit is for a specific performance, and it is alleged that the consideration of the contract was adequate, and that possession of the premises was delivered to the vendee. The remedy on the covenants of the vendor would have been inadequate, as he was insolvent, and moreover, the premises contracted for have risen considerably in value. Therefore, a specific performance by George Morgan, certainly was the proper remedy.[a] No chancellor for the last hundred years has refused to enforce a specific performance. The next question is, whether the injunction against the creditors of George Morgan, is proper.[b] A prior equity is superior to any lien of the judgment creditors.[c] A fair purchase and payment, previous to the rendition of judgments against the vendor, creates good title in the vendee against the judgment creditors.[d] The case cited in Littell's cases, decides that although a second sale of the property has taken place, still a conveyance under the first sale may be compelled. Would it not then be proper for courts of equity to interfere, to prevent further sale, as well as to enforce a conveyance under the first purchase? The true principle was doubtless mistaken in the decree. The great point of inquiry is, whether a prior equitable, is superior to a subsequent legal title. If our lien be superior, where is the objection to this proceeding? If the judgment creditors go on to sell, an inquiry must hereafter arise as to the superiority of the liens; that is the only inquiry here as to the judgment creditors. What injury

[a] 1 Mad. Ch. 362. Idem 372. 6 John. Rep.
[b] 1 Mad. Ch. 365.
[c] 1 P. Wms. 278.
[d] Campbell, et al v. Mosely, Litt. sel. cases, 358.

then will be done them by raising the same inquiry in another shape and a little sooner?

But there is another view of the subject, which I wish to present. George Morgan and a part of the judgment creditors, did not appear to this suit in the Court below, and yet the decree dismisses the bill as to all the defendants, notwithstanding a clear equity is shewn as regards George Morgan. When part of a bill is demurrable, and part not, a general demurrer will not be sustained.[a]  Authority sustains this fully. Then the bill should have been sustained and continued as to George Morgan, if not as to the other defendants.[b]  In the case cited in Minor's Reports, it is held to be matter of discretion with the complainant to proceed or not, against defendants who have not appeared.

[a] 1 John. Cases 417.

[b] Minor's Ala R. 81.

STEWART, argued for defendants in error.

By JUDGE COLLIER. The facts of this case bring before us for examination, the following questions, 1st. was it competent for the complainants to exhibit their bill for a specific performance against the defendant, George Morgan; 2d, could the judgment creditors of Morgan, be compelled to litigate with the complainants, their right to have the lots in question sold, for the satisfaction of their judgments? 3d. have the judgment creditors acquired a lien upon the lots, paramount to the equitable title of the complainants!

1st. The right of the complainants to exhibit their bill for a specific performance against the defendant, George Morgan, was not denied by the defendant; it may therefore be sufficient to remark, that it is the appropriate office of chancery, to enforce the specific performance of agreements for the sale of land. The doctrine upon this subject is extensively considered in Maddock's Chancery, 288, et post, and in the appendix to Reeves' Domestic Relations, 379, where he treats of the powers of chancery. 2nd. The prevention of litigation under some circumstances, forms a subject for chancery jurisdiction. Where a person has a right, which various persons may controvert in different actions, to prevent multiciplicity of suits, equity will lend its aid, and direct an issue to try the right. Let us inquire if the facts of this cause do not bring it within the operation of this rule. It is alleged in the bill that there are several lots levied on, as the property of the

49

JANUARY 1831 defendant, Morgan. Now each of these may be purchased by different persons, and the complainants subjected to an action, at the suit of each purchaser, to try the title. In this point of view, the case is clearly within the principle, on which chancery entertains bills of peace. In *Lord Tenham v. Hubert*,[a] Lord Hardwick observes, "it is certain where a man sets up a general exclusive right, and where the persons who controvert with him are numerous, and he cannot by one or two actions at law, quiet that right, he may come into this Court, first by a bill, which is called a bill of peace, and the Court will direct an issue to determine the right."

It is no objection in such case, to the interference of chancery, that the complainant has not established at law, the right which the bill seeks to quiet; if the parties who controvert it are so numerous, as to render an issue indispensable, to save multiplicity of suits, chancery will entertain a bill.[b] In the case before the Court, we incline the less favorably to an objection, that the complainants were premature in seeking to coerce the defendants to litigate their rights, to subject the lots in question to their judgments, because from the shewing made, the complainants could not defend their title at law, and would evidently be compelled to resort to chancery to make it available; and hence it cannot be important in point of law, whether the complainants be now permitted to assert their equitable title, against the judgment creditors of the defendant, Morgan, or wait until actions shall be brought against them, to recover the possession of the property by the purchasers, under their executions. It is not conceived to be necessary in bills of peace, that there should appear to be any privity or connexion between the defendants. There are cases where bills of peace have been brought, though there has been a general right claimed by the plaintiffs, and yet no privity between the plaintiffs and defendants, nor any general right on the part of the defendants.[c]

3d. It may now be considered as settled beyond dispute, that the equitable title shall prevail against the creditors and purchasers of him who has a naked legal title. In *Finch v. Earl of Winchelsea*,[d] it was decided that if an individual agrees to purchase an estate, and pays the purchase money, his equity is paramount to that of one who becomes a judgment creditor of the vendor, after the agreement and before the title is consummated. To the same effect is the case of *Campbell, et al. v. Mosely.*[e]

---

*Margin notes:*

Morgan, et al.
v.
Morgan, et al.

a 2 Atk. 483, and 1 Har. C. 106.

b 2 J. Ch. R. 281.

c 1 Mad. Ch. 138.

d 1 P. Wms. 278.

e Littell's sel. cases 358.

It may be observed, that the complainants were not com-
pellable, in order to secure their titles, to have their bond
and agreement for a conveyance registered, either as
against purchasers, or creditors. But had registration been
required by law, the defendants could not successfully
insist on its omission; for the delivery of possession by
the defendant, Morgan, to the complainants, would be
esteemed an equivalent act, and such as should put every
man ordinarily cautious, upon inquiry, as to the title.[a] *a Ante 233.*
Hence, we believe that the jurisdiction of chancery is sus-
tainable, and that the decree of the Circuit Court is erro-
neous. We therefore direct, that the decree be reversed
and the cause remanded.

Reversed and remanded.

CHIEF JUSTICE LIPSCOMB, and JUDGES WHITE and
CRENSHAW, not sitting.