GUNN v. HARRISON.

1. Where the creditors of a vendor, levy executions on the property in the hands
of the vendee, Chancery will not interpose at the instance of the latter, as he
has an adequate remedy at law, by a trial of the right under the statute, or by
an action for the trespass.

2. In general, a bill of peace cannot be sustained, until the complainant has as-
certained his right at law.

3. A Court of Chancery will not interfere, and prevent the creditors of a vendor,
from pursuing the property in the hands .of the vendee, because the vendor,
has other property in his hands, sufficient to satisfy their debts, which by his
contract, he should have delivered to his vendee.

Error to the Chancery Court of Barbour.

THE bill was filed by the plaintiff in error, and charges the
purchase by the complainant, of certain: lands, and slaves of
one Betts, and that he agreed in part consideration thereof, to
pay one thousand dollars, towards satisfying a judgment then
subsisting against the vendor, and a debt due by him to the
Bank at Montgomery—that he received a deed for the land
and slaves so purchased, and went into possession thereof—
that two other creditors of Betts have since obtained judgment
against him, and one other has commenced a suit by attach-
ment against him, all of which have been levied on the property

so purchased by complainant, although the vendor has other slaves in his possession, liable to the satisfaction of the debts, which have been pointed out to the sheriff.

That at the time the purchase was made, it was further agreed, that complainant would pay four hundred dollars more towards the satisfaction of the debts of the vendor, if he would procure his wife's relinquishment of dower, to the land, which he has failed to do.

The complainant further alledges, that he has paid, or assumed the debts he was bound to extinguish, and that sundry articles of personal property, which were included in the purchase, have been withheld from him, amounting to three hundred and fifty dollars in value.

The prayer of the bill, is, for an injunction, to prevent the property so purchased, from being levied on to satisfy the debts of Betts, the vendor, which was granted by a Circuit Judge.

The Chancellor on motion, considering that the bill afforded evidence, that the sale was made to hinder and delay creditors, and also, that the complainant had an adequate remedy at law, dismissed the bill.

The cause was submitted without argument.

ORMOND, J.—We do not think this bill is obnoxious to the objection, that the contract appears on its faee, to have been made to defraud creditors.   The Chancellor seems to have supposed, that because the consideration appeared to be grossly inadequate, and the contract was made on the eve of judgment's being obtained, and whilst some were in force, and unsatisfied, the contract was therefore fraudulent as against creditors.   The answer to this, is, that the entire contract is not set out, either in the bill, or in the deed of conveyance appended as an exhibit, nor does the bill afford any means of ascertaining the fact; and although it may be admitted, that the contract appears suspicious, there is not sufficient evidence disclosed in the bill, to enable the Court to pronounce it fraudulent.

We think, however, that the other ground taken by the Chancellor, must prevail—that the complainant has a complete and adequate remedy at law.   No reason whatever is shown in the bill, for compelling the creditors of Betts, to liti-

gate this matter in a Court of Chancery. If they improperly levy their judgments, on property belonging to the complainant, the statute which authorizes him to interpose his claim and arrest the progress of the execution, is a cheap and adequate remedy at law, where, for any thing shown in the bill, the true question between the parties—whether the sale from Betts to the complainant was fraudulent, or not, could be ascertained as well, if not better than in Chancery. Or, if the complainant did not think proper thus to interpose and arrest the sale of the property, he would have an adequate remedy at law against all the parties concerned in the sale.

The bill cannot be maintained, as a bill of peace, not only because the parties litigant, are not sufficiently numerous to entitle the complainant to ask the interposition of Chancery, but also, because the complainant has not established his right at law, against those he seeks to enjoin. It is true, there are cases, in which the Court will thus interfere, when the right has not been tried at law, the object being to prevent multiplicity of suits. The case of Morgan v. Morgan, 3 Stew. Rep. 383, is an instance of that kind; but these are exceptions to the general rule, which is, that the complainant must first establish his right at law. [Story's Com. on Equity, 147; 2 Johns. Chan. 281; 2 Atk. 483.] To allow a bill to be filed, in such a case as the present, would, in effect, draw to the Court of Chancery, the trial of all controversies, where the creditors of a grantor alledge a deed to be fraudulent, and caused their execution to be levied on the property. In this case, but two judgment creditors of Betts have levied on the property, and a third caused an attachment to be issued, and levied—the right of the complainant to this property has never been tried at law, and no reason is shown, why these suits may not progress and be tried at law, with much less expense, and inconvenience to all parties, than they could be tried in Chancery. As, therefore, this bill cannot be maintained as a bill of peace, and as no reason is shown, why the complainant cannot have as full, and adequate a remedy at law, as he could in Chancery, the bill was properly dismissed.

There is an obscure statement in the bill, from which it may be inferred, that the vendor has not complied with the contract, by delivering up some articles of personal property included

in the purchase, but it is not shown that the complainant has not a sufficient remedy at law for this breach of the contract; nor is the bill filed for a specific performance. The fact, if it exists, affords no ground whatever for arresting the pursuit of the creditors of Betts, against the property which was delivered. Nor does the allegation, that Betts had other property in possession, sufficient to pay the debts, interpose any obstacle. The creditors have the right to subject any property which belongs to the debtor, to the satisfaction of their debts. For aught this Court can know, the property in his possession, is covered by other claims. Be this as it may, the right of the creditor to levy at his peril, on any property he claims to be the property of the debtor is indisputable.

The rule relied on is, that where there are two funds to one of which only one creditor can resort, whilst the other can resort to both, a Court of Chancery will compel the creditor, who can resort to both funds, to seek satisfaction of his debt, in such a way as not to defeat the rights of the other creditor. It is obvious, this rule has no application to a case, where the creditor goes against the property of his debtor in the hands of another, on the ground of fraud.

Let the decree be affirmed.