[Forcheimer v. Foster, and Bodden v. Foster.]

# Forcheimer *v.* Foster, and Bodden *v.* Foster.

*Bill to Settle Partnership, and for an Accounting.*

(Decided May 13, 1915.  68 South. 879.)

1. *Partnership; Accounting; Right to Require.*—Where, for some purposes the firm remained intact, and as for others was split into two groups, each group doing their salving independently, but disposing of the property salved through the defendant, who was the business agent of the original firm, it is held that as the firm could maintain an action for an accounting against the defendant, members of one of the groups may maintain such action, especially where it is claimed that such business agent had not accounted to them for all the property salved, but had improperly placed some of the fund to the credit of the other group.

2. *Equity; Bill; Multifariousness.*—All the parties in this case having an interest, and it being an equitable principle to seek to avoid a multiplicity of suits, it is held that in a suit against the second group of a division of a partnership which for some purposes remained in the original form, the business manager of both groups might be joined, and could not demur to the bill on the ground of multifariousness.

3. *Partnership; Accounting; Party.*—Where a partnership was organized originally for one purpose, and afterwards split into two groups for some other purpose, the groups did not become separate entites, and in a bill for an accounting, one of the parties cannot contend that he was not a necessary party.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Taylor Foster against Ferdinand Forcheimer and T. S. Bodden, for the dissolution of a partnership and an accounting. From a decree overruling demurrers to the bill, the respondents take separate appeals. Affirmed.

HANAW & PILLANS, for appellant.

ERVIN & MCALEER, for appellee.

SAYRE, J.—Appellants in the causes entitled in this court as above were parties defendant to the same bill

in the court below along with others who have not joined in the appeal. They have appealed separately on one record, and seek to reverse the decree of the court below overruling their separate demurrers to the bill filed by appellee.

(1) To state the substance of the case made by the bill: Appellee, Foster, and four others, of whom appellant Bodden was one, and all of whom are parties defendant to the bill, entered into an agreement of copartnership, under the name and style of the West Indian Wrecking Company, for the salvage of a ship's cargo of railroad iron that had been wrecked upon a reef in the Caribbean Sea. Their joint adventure—for such it was, strictly speaking—was limited to the one purpose, and that has been accomplished, leaving, however, debts to be paid and an accounting to be had of profits and losses among the partners or joint adventurers. Appellee, Foster, was the company's general and active manager at the wreck. After operations had been going on for about two years dissensions arose between the partners, with result that they divided themselves into two groups or divisions called "A" and "B." Foster continued to manage for division "A," consisting of himself and defendant Fawcett Robinson. Defendant Varian Scott was appointed to manage for division "B," composed of himself, defendant J. M. Scott, and defendant (appellant) Bodden. These sections divided at the wreck the then unsalved iron, as nearly equally as they could, each salving its own half at its own expense. Neither division, however, was to draw out the entire proceeds of the iron salved by it and brought to Mobile, but amounts realized over and above $16 a ton were to be held by Forcheimer to meet contingent expenses and to be divided at the close of operations in the proportions fixed by the articles of co-

partnership. It was expressly stipulated that this arrangement should not wholly abrogate the previous agreement, but should operate as an amendment only. Appellant Forcheimer acted all along as the company's agent at Mobile, to which port all shipments were made, having a written power of general attorney in fact. As such agent, he received moneys during the period of the operations. The charge against him is that he has failed to account for the sum of $1,590.96, which he "received or should have received" for the company; that he has improperly used and applied many hundreds of dollars; that without authority for so doing he has credited large sums to the account of defendant Fawcett Robinson with M. Forcheimer & Co., a firm of which he was a member; that he has failed and refused to pay division "A" money earned by it under the agreement, though paying to division "B" all the money it earned; and that he has refused, on the demand of complainant as general manager of the company, to surrender vouchers in his hands, or copies thereof, which complainant desired to have in order to check appellant's account with the company, an unsatisfactory statement of which, it may be inferred, had been made by the latter.

Appellant Forcheimer contends that there is no equity in the bill as against him, for that complainant, suing in the name of the West Indian Wrecking Company, has a plain, adequate, and complete remedy at law. We conceive it to be a sufficient answer to this contention to say that the company, if still undissolved, would have an equity to call upon its agent for an accounting on the facts averred in the bill (*Phillips v. Birmingham Industrial Co.*, 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156), and that complainant is proceeding by

a bill to which all the partners are parties to enforce the company's right.

(2) But appellant says that he is not interested in the settlement of the account between the partners; that he ought not to be brought into a record about so large a part of which he has no concern; and that in consequence the bill as to him is multifarious. The trouble with this suggestion, as it impresses us, is that, in view of appellant's alleged dealing with the partner Fawcett Robinson and with division "B" of the partnership to the prejudice of complainant and division "A," there is a necessary mutual interdependence between a settlement of the accounts of the partners among themselves and a settlement of appellant's alleged liability to the partnership as an entity. These questions might be determined in separate proceedings, but in each case all the partners would be necessary parties to the record, and plainly the more speedy and convenient way has been adopted by complainant. The single ultimate purpose of the bill is to have a settlement of the partnership affairs, and one asset of the partnership to be taken into account consists in the alleged liability of appellant. The burden of procuring a settlement rests most heavily upon complainant, by reason of the fact, not heretofore mentioned, that he is about to be subjected personally and alone to liability for large outstanding claims against the company, though without this feature of urgency he would have an equity to see that partnership assets are devoted to the payment of partnership debts.

"Where the object of a suit is single, it is no objection that the defendants have separate interests in distinct and independent questions, provided they are 'all connected with and arose out of the single object of the suit.' "—*Randle v. Boyd,* 73 Ala. 282.

ꞏ "It is not necessary that all the parties should have an interest in all the matters of controversy; it is sufficient if each defendant has an interest in some of the matters involved and they are connected with the others."—*Truss v. Miller*, 116 Ala. 495, 22 South. 863.

"A bill is not multifarious which unites several matters distinct in themselves, but which together make up the complainant's equity and are necessary to complete relief."—*Stone v. Knickerbocker Ins. Co.*, 52 Ala. 589.

ꞏ"The reason of the rule is that courts of equity are averse to a multiplicity of suits, and always strive to prevent unnecessary litigation, as far as possible, without, at the same time vexing parties with the litigation of questions with which they have no concern."—*Bolman v. Lohman*, 74 Ala. 507.

On the peculiar facts stated and the reason of the court in such cases, as shown by the authorities cited, we are of oponion that this entire controversy may as well be settled in one suit as in two, and that it would serve no good purpose to compel the institution of a separate proceeding against this appellant, all whose rights may be fully adjusted and protected in this.

(3) As to the appeal of Bodden: He was a member of division "B" of the partnership, and contends that he should not be pestered with the peculiar affairs of division "A." But division "A" has no affairs that are wholly distinct from those of division "B," and vice versa. It is quite clear that the partnership in which all the partners are interested cannot be settled without the presence of the appellant.

The decree is affirmed on both appeals.

ꞏ ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.