# Mitchell, *et al. v.* Cudd.

### Bill to Foreclose, and Reform.

(Decided April 13, 1916. 71 South. 660.)

1. **Equity; Pleading; Multifariousness.**—Where the bill sought foreclosure of two mortgages on real estate, one executed by J. and others, and the other executed later by M. and to reform certain features of the description in the mortgage, and as amended sought the cancellation of a conveyance by J. and M. to a son of M., as a condition to the enforcement of the mortgages, the purpose of the bill was single—the enforcement of complainant's lien, and was not multifarious; it not being essential in such cases that every respondent have an interest in or concern for all matters or phases of the controversy.

2. **Cancellation of Instruments; Parties; Respondent.**—Upon a bill to foreclose and to cancel, the grantee in the conveyance sought to be cancelled was a necessary party respondent, since complainant's rights could not be satisfactorily and completely determined without such party.

APPEAL from Morgan Chancery Court.
Heard before Hon. JAMES E. HORTON, JR.
Bill by J. J. Cudd against Harry Mitchell and others, to foreclose certain mortgages on real estate, to reform the description in said mortgages, and to cancel a certain deed. Decree overruling demurrer to the bill and respondents appeal. Affirmed.

[Mitchell, et al. v. Cudd.]

P. M. BRINDLEY, and E. M. RUSSELL, for appellant. E. W. GODBEY, for appellee.

MCCLELLAN, J.—In the amended bill the appellee is the complainant, and Frank O. Mitchell and others are the respondents. The dominant purpose of the bill is to foreclose two mortgages on real estate, one executed to complainant, on September 4, 1907, by M. A., John, Harry, Mollie, and G. A. Mitchell, and the other, executed to complainant, on June 26, 1911, by M. A. Mitchell, and to reform specified features of the descriptions of lands in the mortgages. Frank O. Mitchell is the son and heir at law of M. A. and John Mitchell, now deceased. An exhibit to the bill is a copy of a conveyance executed on August 15, 1905, by M. A. and John Mitchell to Frank O. Mitchell. The amended bill seeks, among other things, the cancellation of this conveyance,. which, if unavoided, would render ineffectual the complainant's mortgages on the land described in the conveyance to Frank O. Mitchell. That the amended bill, in its general theory, possesses equity is manifest.

Three questions are discussed in brief for appellants who invoke review of the decree overruling the demurrers. The consideration of the appeal is, of course, confined to these questions:

1. The averments of paragraph 6 of the amended bill fully refute the first contention, viz., that complainant, when he accepted the first or the second mortgage, had actual knowledge of the existence of the deed of August 15, 1905, to Frank O. Mitchell. The allegations of this paragraph affirmatively exclude the notion that complainant had, until after he had accepted the second mortgage (June 26, 1911), knowledge or notice of the existence of the conveyance to Frank O. Mitchell.

(1) 2. The effect of the contention that the bill is multifarious, because it seeks the cancellation of the conveyance of August 15, 1905, to Frank O. Mitchell, is to say that the mortgagee (complainant) must, in a separate cause, invoke the courts to cancel that conveyance. The purpose of the bill is single, viz., enforcement of the complainant's liens; and the removal of obstacles in the way of that relief is but incidental to the major objective. It is not essential, in causes of this character, that every defendant have an interest in, or concern for, all matters or phases of the controversy. The amended bill is not multifarious.—*Ellis v. Vandergrift*, 173 Ala. 142, 154, 155, 55 South.

781; *Truss v. Miller,* 116 Ala. 494, 505, 22 South. 863; *Bolman v. Lohman,* 74 Ala. 507.

(2) 3. It is obvious that Frank O. Mitchell is a necessary party respondent to the cause. Under the averments of the amended bill, the rights complainant asserts and would have vindicated could not be satisfactorily completely determined without making Frank O. Mitchell a party respondent. The three objections urged against the amended bill on this appeal are without merit.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.