(79 South. 630)

**J. E. BUTLER & CO. et al. v. A. G. HENRY & CO. (8 Div. 979.)**

(Supreme Court of Alabama. April 15, 1918. Rehearing Denied Nov. 4, 1918.)

1. EQUITY ☞150(3)—PLEADING—MULTIFARIOUSNESS.

A bill to foreclose a chattel mortgage was not rendered multifarious by joinder of purchasers from mortgagor of distinct parts of the mortgaged property.

2. EQUITY ☞150(1)—PLEADING—JOINDER OF PARTIES—INTEREST IN SUBJECT-MATTER.

Where suit has a single object, all parties who are made defendants need not be interested or concerned in all questions involved in the suit.

3. CHATTEL MORTGAGES ☞269 — ADEQUATE REMEDY AT LAW—FORECLOSURE.

In suit to foreclose chattel mortgage, where mortgaged property was sold by mortgagor and was in possession of purchasers before bill was filed, the court's jurisdiction to render money judgment against purchasers was not subject to the objection that there was an adequate remedy at law.

4. CHATTEL MORTGAGES ☞275 — NECESSARY PARTIES—MORTGAGE OF CROPS.

In action to foreclose chattel mortgage on crops, where parties to whom crops were sold were joined as defendants, mortgagor's son, who was installed on land as tenant, but who was a sort of nomad, without means to operate the farm, was not a necessary party.

5. APPEAL AND ERROR ☞1039(13)—REVIEW —HARMLESS ERROR—VARIANCE.

Variance between pleading and proof as to ownership of land on which mortgaged crops were grown is not reversible error, where complainants' rights were based on their interest in the crops and not in the land, and where appellants were not surprised by such variance.

6. CHATTEL MORTGAGES ☞39—CROPS—FORECLOSURE—SUFFICIENCY OF EVIDENCE.

In an action to foreclose chattel mortgage on crops, evidence *held* sufficient to show that at the time of the growing of the crops the mortgagor was a tenant on the land on which they were grown, and hence had a mortgageable interest in the crops.

7. CHATTEL MORTGAGES ☞275—FORECLOSURE BY ACTION—PARTIES—CROPS.

In an action to foreclose chattel mortgage on crops that have been sold by mortgagor, the parties to whom crops were sold were properly made parties to the action.

8. CHATTEL MORTGAGES ☞229(1)—FORECLOSURE BY ACTION — PURCHASERS — PERSONAL JUDGMENT.

In an action to foreclose chattel mortgage on crops, the court properly imposed a personal judgment against purchasers of the mortgaged crops, where they had disposed of such crops.

Appeal from Chancery Court, Marshall County; James E. Horton, Jr., Chancellor.

Action by A. G. Henry & Co. against J. E. Butler & Co. and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Street & Bradford, of Guntersville, for appellants. C. B. Kennamer and John A. Lusk & Son, all of Guntersville, and Callahan & Harris, of Decatur, for appellees.

McCLELLAN, J. The complainants (appellees), Henry & Co., filed this bill against John H. West and his wife, Mollie O. West, Paul West, the Bank of Guntersville, Geo. H. McFadden Bros. Agency, a corporation, and J. E. Butler & Co. The complainants (appellees) were mortgagees in a mortgage executed to them by John H. West on certain stock and crops grown by him in Marshall county. It appears to be accepted that the complainants' mortgage was subordinate to the mortgages given by John H. West to Grizzle & Co., assigned to the Bank of Guntersville, covering the crops described in the mortgage to the complainants. In the bill, filed by the junior mortgagees, the primary purpose is to effect redemption of the cotton and corn from the prior mortgage executed by John H. West to Grizzle & Co. The McFadden Agency and Butler & Co. bought, in separate lots, the property which the complainants insist was subject to the mortgages to Grizzle & Co. (Bank of Guntersville, assignee) and to their mortgage. The bill invoked the powers of the court to compel the McFadden Agency and Butler & Co. to deliver up the cotton and seed so bought, or, if it has been disposed of, to bring them to an accounting therefor. The complainants prevailed in the court below; the decree awarding full relief against these purchasers of property held to have been subject to the complainants' and Grizzle's mortgages, after establishing the complainants' right to redeem from the Grizzle & Co. mortgages.

The only errors assigned are by the McFadden Agency and Butler & Co. They are the only parties complaining of the decree. The review of the decree is, hence, confined to questions in the solution of which these particular only appellants have an interest or concern.

[1, 2] The objections, taken by the demurrers, that the amended bill was rendered multifarious by the effort to secure relief against these respective appellants, who respectively bought the distinct parts of the mortgaged property, and that it improperly joined these appellants as defendants therein, are without merit. Where, as here, suit has a single object, it is not a fault that all parties who are made defendants are not interested or concerned in all the questions involved in the suit. Truss v. Miller, 116 Ala. 494, 505, 22 South. 863; Mitchell v. Cudd, 196 Ala. 162, 71 South. 660; Webb v. Butler, 192 Ala. 287, 295, et seq., 68 South. 369, Ann. Cas. 1916D, 815; Forcheimer v. Foster, 192 Ala. 218, 68 South. 879; Hunter v. Briggs, 184 Ala. 327, 330, 63 South. 1004; Mathews v. Carroll, etc., 195 Ala. 501, 70 South. 143; Randle v. Boyd, 73 Ala. 282, 288.

[3, 4] The mortgage, the foreclosure of which is sought, affords the single subject-matter of the cause. The averred purchase of the properties by these appellants immediately connects them with the single object of the suit. It is hardly necessary to add that, since the bill is not multifarious, there was no misjoinder of these appellants as parties defendant thereto. Other propositions advanced by the demurrers are con-

cluded against the appellants by the decision of this court in Comer v. Lehman, 87 Ala. 362, 369, 6 South. 264, where, on the bill to foreclose the mortgage, it was held that the jurisdiction invoked was efficient to invite a money decree against parties who had taken and sold, before the bill was filed, property covered by the mortgage, thus concluding against the present appellants' contention that an adequate remedy at law existed to deny equity to the bill as against them. Paul West was not a necessary party to the cause.

The court did not err in overruling the appellants' demurrers to the amended bill.

[5] The bill averred that the land, on which the crops in question were grown, belonged to John H. and Mollie O. West; whereas the undisputed evidence disclosed that in Mrs. West, alone, was the title vested. Because of this variance reversible error is claimed. Since the complainants' rights were created, if at all, by their mortgage upon the crops, not upon the land, and since the bill's equity is attributable to rights independent of the factor of mistaken allegation of joint ownership of the land by Mr. and Mrs. West, the indicated variance does not affect the decree with reversible error; it not appearing that the appellants suffered any surprise in that regard. Minchener v. Henderson, 181 Ala. 115, 120, 121, 61 South. 246.

[6] The appellants insist that the evidence did not justify the chancellor's conclusion that the mortgage to the appellees operated to impose a valid lien upon the crops in question, because, it is claimed for appellants, the mortgagor, John H. West, was not shown to have had such an interest in the land as afforded a subject-matter to be mortgaged; this on the authority of Sellers v. Hardaway, 188 Ala. 388, 66 South. 460, and cases there cited. The theory asserted by the appellants was that Paul West, a son of John H. and Mollie O. West, was the sole tenant in chief of his mother for the year 1911, and that John H. West made no crops on the place in 1911. The Wests so testified; but the distinct preponderance of the evidence, together with corroborative circumstances disclosed by the evidence, was to the contrary. The weight of the credible evidence was to the effect that John H. West operated the farm, was in full control of its cultivation some time before the mortgage was executed to the complainants on March 13, 1911, installed his own tenants, caused them, including Paul West, to be "furnished" on orders approved by him, and generally supervised the farming operations of that year, while Paul West, the son, was a sort of nomad, without means to operate a farm of that extent. From the evidence, conflicting, as has been indicated, it is only reasonable to conclude that John H. West was a tenant of the owner, and had in the crops grown during the year 1911 a potential mortgageable interest. The mortgages of John H. West to Grizzle & Co. and to complainants were seasonably filed for record and recorded, prior to the purchase of the cotton and seed by these appellants, thereby operating to impute to appellants constructive notice of the fact that the property so purchased was subject to the charge of complainants' mortgage. The insistence in brief that the evidence did not show that John H. West was a resident of Marshall county, wherein the land lay, is opposed to the positive testimony of his residence at Guntersville, in that county, from which place of abode he visited and supervised the farming operations in question.

[7] These appellants, as alleged purchasers of the property, subject to the mortgages in question, were properly made parties in the bill, which sought redemption and foreclosure in the premises. 7 Cyc. p. 97; Comer v. Lehman-Durr Co., 87 Ala. 362, 369, 6 South. 264. The decision just cited is in immediate point, and cannot be soundly distinguished.

[8] The decree directed and awarded the redemption and foreclosure sought by the bill. The part of the crops purchased by the appellants having been disposed of by them, the complainants were due personal judgments against these purchasers in the proportion stipulated in the decree. Having properly taken jurisdiction of the cause to effect redemption and foreclosure, the court's obligation was to award complete relief in the premises. Comer v. Lehman-Durr Co., supra.

No error prejudicial to these appellants is disclosed by the record. The decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.