ELLA S. JOHNSON and JACOB WEST, Sheriff,
Defendants Below, Appellants,

*vs.*

WILLIAM R. MESSICK,
Complainant Below, Appellee.

*Supreme Court, on appeal, March* 29, 1919.

While, in a proper case, action which would cast a cloud on title to real estate can be enjoined, a judgment creditor, acting in good faith, having reason to believe that conveyance by debtor prior to judgment was fraudulent and void, and seeking by execution sale to avoid it, should not be enjoined and compelled to litigate the title in equity; whether there is fraud in any case  being a question of fact, like other questions of fact, peculiarly within the province of the jury, and the party making the allegation of fraud being entitled to have the question submitted to a jury.

Answer under oath, in injunction suit, implies good faith till the contrary is shown.

Injunction suit by William R. Messick against Ella S. Johnson and Jacob West, Sheriff.  From a decree for complainant in accordance with the opinions of the court below (*ante pp.* 164, 362, 98 *Atl.* 218; 101 *Atl.* 865), defendants appeal.  Reversed, and injunction dissolved.  The facts appear in the opinion.

Argued before PENNEWILL, C. J., and BOYCE, CONRAD, RICE, and HEISEL, JJ.

*Robert C. White*, for the appellants.
*Woodburn Martin* and *Charles W. Cullen*, for the appellee.

HEISEL, J., delivering the opinion of the Court:
This is an appeal from the Chancellor.  The appellee, William R. Messick, filed a bill in the Court of Chancery alleging that he is the owner of a lot of land in Georgetown which was conveyed to him December 16, 1915, by one Edwin C. Baker, to

whom·it had been conveyed by John W. Messick, on May 25, 1915; that said lot was conveyed to said John W. Messick by deed of Hettie A. S. Kollock, bearing date January 17, 1905, and recorded August 29, 1911; that said Hettie A. S. Kollock died intestate on August 31, 1911, and letters of administration were granted upon her estate to Everett M. Barr, July 10, 1912, and the next day, July 11th, suit was brought against said administrator of Hettie A. S. Kollock by Ella S. Johnson, one of the appellants, and judgment for the sum of $1,207.50 recovered therein on February 18, 1913; that execution was issued upon said judgment to the other appellant, Jacob West, sheriff, under which a levy was made by him on said lot of land and the same advertised to be sold on May 9, 1916: It also alleges irregularities in the appointment and qualification of the administrator of Hettie A. S. Kollock, and claims the administrator had resigned his office before said judgment was rendered or the amount thereof ascertained. Said bill further alleges that at the time it was filed (May 3, 1916) there was pending in the Superior Court of this State, for Sussex county, an action of ejectment brought by the appellee against John W. Johnson, who, with his wife, the said Ella S. Johnson, were in possession of said lot of land. It was claimed that under these conditions, if the sale was not restrained by the Chancellor, at least until said action of ejectment could be decided in the Superior Court, a cloud would be cast upon his title, and that he had no effective remedy at law.

To this bill the appellants demurred, and the case first came before the Chancellor on bill and demurrer. It was contended by counsel for the demurrer that the judgment, if irregular, could not be attacked in this proceeding, and, if valid, a sale thereunder could not cast a cloud upon appellee's title, because it appears by the public records of the county that said judgment was not a lien upon said lot of land, and for the further reason that it is appeared by the bill that the appellee, having the legal title to the land, and not being in possession thereof, had a full and adequate remedy at law by an action of ejectment.

The Chancellor held that, while the bill was framed upon the theory that irregularity in the judgment gave that court

jurisdiction, it was unnecessary to determine that question, since he was satisfied that, even though the judgment was valid, it would not be a lien, but nevertheless, being against the administrator of Hettie A. S. Kollock, who in her lifetime conveyed the property to a prior grantor of the appellee, he was entitled to the relief sought, the Chancellor overruled the demurrer and required appellants to answer the bill.

In answer of appellant, Ella S. Johnson, which is under oath, she charges appellee's title to be fraudulent and therefore null and void. It is also stated in the record that she filed a cross-bill alleging in detail the fraud relied upon, but submitted no evidence in support of said cross-bill, which, upon motion of her counsel, was dismissed by the Chancellor. The only evidence taken consisted of but few pages covering the question of the granting of letters of administration on the estate of Hettie A. S. Kollock to Everett M. Barr, and is not important in the determination of the case.

In granting a perpetual injunction against the appellants the Chancellor affirmed his finding on the demurrer, and in closing said:

"It is not necessary to decide whether that judgment was irregular and invalid by reason of the resignation of the administrator before the institution of the action in which the judgment was entered, for the result would be the same even if the judgment be valid.

"The complainant as the owner of the land may, though he be not in possession thereof, enjoin a sale thereof to collect a judgment obtained against a prior owner, who before recovery of the judgment had conveyed the land to one under whom complainant took title, and the basis of the jurisdiction is the prevention of the creation of a cloud on the title of the complainant which would result from such sale, where the complainant could not attack the validity of the judgment."

The assignments of error are two:

First. That the Chancellor erred in not dismissing the bill of complaint.

Second. That the Chancellor erred in granting the relief prayed for by the said appellee in his bill of complaint.

The question to be determined by the Chancellor on the demurrer was, we think, a different one from that to be deter-

mined after the answer of Ella S. Johnson had been filed. Upon the demurrer there was no allegation of fraud against the title of the appellee. There was presented the single question whether the Court of Chancery will intervene to prevent by injunction the sale of land by the sheriff upon execution issued against a prior owner of land, when the complainant, holding the legal title, is not in possession, in order to prevent a cloud from being cast upon his title. There are two lines of cases on this question, about equal in number, one holding affirmative, the other the negative. The general basis upon which the affirmative line rests is that, even though the judgment is not a lien, yet, being against a person in the line of title, a sale thereunder would affect the marketability of the title, its availability is a security for loans, and will cause unnecessary anxiety and expense to the owner, and that injunction is the only remedy that can be invoked to prevent this. The other line of cases hold generally that the judgment not being a lien, and this appearing upon the face of the record, an execution and sale thereunder cannot in any manner cast a cloud upon the title, because there is no cloud to cast, and the holder of the legal title has a full and adequate remedy at law.

After the filing of Ella S. Johnson's answer, there was the sworn allegation of fraud against the complainant which seems not to have been considered by the Chancellor. There can be no question at this time that the Court of Chancery has jurisdiction, in a proper case, under its inherent powers, to restrain by injunction such action as would cast a cloud upon the title to real property, and it is not necessary for the legal owner to wait until such cloud has been cast before calling upon a Court of Chancery for relief. However, after a careful examination of a great number of cases, we have been unable to find any case in which a judgment creditor, acting in good faith, having reason to believe that a conveyance by his debtor is fraudulent and void, and who is seeking by legal process and sale to avoid the conveyance, will be interfered with by injunction and compelled to litigate the title in equity. *Freeman v. Elmendorf,* 7 *N. J. Eq.* 475, 655; *Tucker v. Kenniston,* 47 *N. H.* 267, 272, 93 *Am. Dec.* 425; *Welde v. Scotten,* 59 *Md.* 73 (and cases there cited and re-

viewed) ; *Carlin v. Hudson*, 12 *Tex.* 202, 62 *Am. Dec.* 521; *Gunn v. Harrison*, 7 *Ala.* 585.        .   .

Whether or not there is fraud in such case is a question of fact, and the determination of questions of fact, under our system of jurisprudence, is peculiarly within the province of the jury, and the party making the allegation is entitled to have that question submitted to a jury, if he so elects, and cannot be obliged to try it before a different . tribunal.

After reviewing several cases, the court, in *Welde v. Scotten, supra,* paid:

"We are all clearly of opinion that the appellee ought not to have been awarded injunction to stop the appellant, Welde, from selling as he desired, in order that the question of fraud in the appellee's title as charged, might be tested at law. Welde being the party who claims to have been defrauded by the conveyances under which the appellee takes title and possession, we think he is entitled to select the tribunal in which he will have his grievances inquired into and redressed, if he is entitled to redress; and although, it might be within the province of the court of equity to interfere, if it appeared that he was fraudulently setting up this claim for the purpose of wantonly injuring the appellee as is charged in the bill, yet, inasmuch as there is not the slightest evidence in support of that allegation, and there is no reason to suppose he is doing otherwise than making an honest endeavor to secure his legal rights, we cannot sanction the arrest of his proceedings in that direction, by injunction."

We agree with the law as laid down in that case. If, in the case at bar, the appellants' judgment was valid and unimpeachable in this proceeding, about which there seems to be no contention now, we then have a case where a judgment creditor of a prior owner is endeavoring by execution upon said judgment to sell property formerly owned by his creditor, in order that he may contest the bona fides of the several conveyances from said former owner and debtor to the appellee; the present owner. There is nothing in the record to show lack of good faith on the part of the appellant in charging fraud in the conveyances. Her answer, in which the charge is made, is under oath, which would · imply good faith until the contrary be shown. Having filed a cross bill alleging in more detail the acts of fraud, and then withdrawing such bill without introducing evidence to support it, is

not evidence of bad faith, because appellant was entirely within her rights in doing so, having in mind her desire to try the question of fraud before a jury in a law court, rather than in a court of equity.

In reaching this determination, we, of course, express no opinion upon the merits of the allegations of fraud, nor is it necessary that we should determine the question raised upon the demurrer. For the reason stated, we are constrained to hold that the injunction should not have been granted, and that the decree of the Chancellor should be reversed and the injunction dissolved, costs on the appellee.