154 So. 111

## MOORE v. TUCKER.

### 2 Div. 35.

Supreme Court of Alabama.

April 12, 1934.

Clifton C. Johnston, of Marion, for appellant.

Reese & Reese, of Selma, for appellee.

KNIGHT, Justice.·

Bill by appellee, John R. Tucker, for the settlement of the affairs of two partnerships theretofore existing between appellant and appellee under two separately executed agreements.

Under one of the contracts, a partnership was created between appellant and appellee for the operation of a farm in Perry county, Ala.; and under the other, a partnership was formed between the same parties for conducting a dairy business.

Each of said contracts was executed on December 6, 1930, and by their terms, each of the partnerships so formed was to expire on the same day, January 1, 1933. The only parties to said partnership agreements were the appellant and appellee.

The bill avers: "That both of said partnership contracts have expired in accordance with the provisions therein contained; that no settlement of the affairs of either of said partnerships has been had between the parties therein, nor have the profits or losses ever been divided between the parties thereto."

It is averred in the bill that said dairy partnership is indebted to the farm partnership for feedstuff furnished by it to the dairy partnership, and that both of said partnerships are indebted to the complainant; and that said Moore is indebted to both of said partnerships, and to complainant.

It is further averred that the accounts between the complainant and the said Moore, and between the said parties, and each of said partnerships, are intricate and complicated, and cannot be settled except in this court, and "by the taking of accounts by the register of this court."

The bill shows that the operations of said partnerships extended through a period of two years, involving the expenditure of large sums of money.

Complainant fully submits himself to the jurisdiction of the court.

■ To properly present a case for an accounting in equity as between partners, the bill should, as a first prerequisite, aver the existence past or present of a partnership between the complainant and those with whom he seeks an accounting.

■ In order that the court may determine for itself, from the facts averred, whether the contract or agreement, relied upon as creating a partnership, has such effect, the terms of the agreement should be alleged, either in the language of the agreement, or in substance. And as a basis for stating the account and decreeing thereon, the interest of the partners respectively should be averred. Tutwiler et al. v. Dugger, 127 Ala. 191, 28 So. 677; Dugger v. Tutwiler et al., 129 Ala. 258, 30 So. 91; 15 Ency. Pl. & Pr. 1082; Little v. Snedecor, 52 Ala. 167; Glover v. Hembree, 82 Ala. 324, 8 So. 251.

In the case of Dugger v. Tutwiler, 129 Ala. 258, 30 So. 91, 92, which was a bill for settlement of a partnership, this court, speaking through Justice Haralson, observed: "In such a suit, 'the essential allegations of the bill of complaint are, the fact of partnership between the parties, a dissolution or the grounds for seeking one, and unsettled accounts growing out of the partnership business. When all these facts appear, the bill is good on demurrer.'"

To the same effect is our holding in the recent case of Copeland v. King, 224 Ala. 160, 139 So. 221.

■ We are of the opinion, and so hold, that the bill as one for settlement of a partnership contained all necessary averments, and was not subject to demurrer.

It is insisted by appellant that the two contracts create two distinct and separate partnerships, one relating to farm operations, and the other to the operation of a dairy business, on different lands. That the two partnerships are so separate and distinct that they cannot be settled in the one suit.

It is true that these parties entered into two separate contracts, with reference to two different business ventures, yet the only persons involved in the transactions are the complainant and the respondent.

The real, and we may say the only, object of the complainant's bill is to arrive at a settlement and adjustment of his business affairs with the respondent; and to do so, and to do complete justice between the two parties, it is essential that their interest in both concerns should be before the court in one suit. Thus if on the statement of the accounts between the parties under the farming contract, it should develop that the respondent owed the complainant an amount

494

of money, while under the dairy contract it should be ascertained that the complainant owed the respondent a certain amount, the court, in such event, would be able to adjust the equities of the parties, and could so mould its decree as to protect the rights of both.

While the bill seeks a settlement of the affairs of the two partnerships inter sese, and of the matters connected therewith between the two partners, the suit, in the last analysis, as above pointed out, is single in its purpose and object.

It has been repeatedly said that: "No general rule defining what causes of action may be properly joined and what may not can be laid down. The question is always one of convenience in conducting a suit, and not of principle, and is addressed to the sound discretion of the court. * * * If it appears that the causes of action or claims are so dissimilar or distinct in their nature that they cannot be heard and determined together, but must be heard piecemeal, first one and then the other, a clear case of fatal misjoinder is presented; but where a complainant has two good causes of action, each furnishing the foundation of a separate suit, one the natural outgrowth of the other, or growing out of the same subject-matter, * * * and the suit has a single object, that may be properly joined, and the objection of multifariousness or misjoinder will not be sustained." Ford v. Borders et al., 200 Ala. 70, 75 So. 398, 400; Ferry v. Laible, 27 N. J. Eq. 146, 150; Singer v. Singer, 165 Ala. 145, 147, 51 So. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102.

Courts of equity are averse to a multiplicity of suits, and always endeavor to prevent unnecessary litigation as far as possible, without, at the same time, vexing parties with the litigation of questions with which they have no concern. Forcheimer v. Foster, 192 Ala. 218, 68 So. 879.

This seems to have been a prevailing rule in courts of equity through the years. It is sound and salutary, and tends to save parties litigant much cost and the courts unnecessary delay and consumption of time.

On the facts averred in the bill, we can see no sound reason why this whole controversy may not be expeditiously and conveniently settled and disposed of in one suit, as here attempted; and we are further of the opinion it would serve no useful purpose to require the institution of two suits against this respondent, whose rights as well as those of complainant may be fully adjusted and protected in this one litigation.

We are of the opinion that the court below committed no error in overruling respondent's demurrer to the bill of complaint.

The appellant, respondent in the court below, is allowed twenty days from this date within which to answer the bill of complaint, with power in the lower court, for good reason shown, to enlarge the time for answer.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.