156 So. 771

**HANSON v. LUTHER.**

**8 Div. 585.**

Supreme Court of Alabama.

Oct. 4, 1934.

Wm. C. Rayburn, of Guntersville, for appellant.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

[2] Ante, p. 191.

J. A. Lusk, of Guntersville, for appellee.

BROWN, Justice.

The bill in this case is filed by the holder of a mortgage, standing in the shoes of the mortgagees, against the mortgagors and purchasers from them of chattels covered by the mortgage, to foreclose the mortgage and to require said purchasers to account for the chattels so purchased from said mortgagors; the bill alleging that some part of the property covered by the mortgage is in the possession of the mortgagors and this upholds its equity. Comer v. Lehman, Durr & Co., 87 Ala. 362, 6 So. 264; J. E. Butler & Co. et al. v. A. G. Henry & Co., 202 Ala. 155, 79 So. 630.

This appeal is from the final decree of the court sustaining exceptions to the report of the register and vacating the same in part. The appellant's first contention goes more to the form of the decree than to its legal effect.

The reference was submitted on testimony taken, not by the register who took the submission and made the report, but, as we assume, by his predecessor in office, and that part of the report to which exceptions were filed was in the following language: "The Register finds from the evidence that the complainant failed to prove by competent evidence that the respondent, J. Alvin Hanson, did receive the aforesaid three bales of cotton, delivered to J. A. Clemons by H. H. Waldrop, and therefore is not liable to complainant."

The exceptions were in due form and in accordance with the rule, and the solicitor noted the testimony relied on to sustain them. The language of the decree is:

"The court is of the opinion that as to all that part of the findings and report of the Register, reading, 'That the defendant J. A. Hanson was not liable for the three bales of cotton,' the exceptions should be sustained thereto to that extent that this finding should be reversed. And the court correcting and overruling said report, sustaining such exceptions, finds that the said J. A. Hanson is liable for the said three bales of cotton at seven cents a pound and that the weight of said three bales of cotton was 1535 pounds as shown by Exhibit No. 6 to complainant's testimony of the value of $107.92, and that this cotton was raised in the year 1931, and that the court is of the opinion from this evidence concerning the same that it was received by the defendant some time in the fall of 1931, and before the 1st of January, 1932.

"It is therefore ordered, adjudged and decreed by the court that the exceptions of the complainant to said report be and they are hereby sustained and the last paragraph of said report is stricken out and the said report amended so as to make said paragraph read:

" 'That the complainant has proven by preponderance of the competent evidence that the respondent, J. Alvin Hanson did receive the aforesaid three bales of cotton and therefore is liable to the complainant for the value thereof, and that the value be adjudged to be seven cents a pound and the weight thereof 1535 pounds, would make $107.92, and that the complainant is entitled to recover of the defendant, J. Alvin Hanson the sum of the said $107.92 with the interest thereon from the 1st day of January, 1932, to the 1st day of December, 1933, one year and eleven months, $16.41, making a total of $124.33.'

"It is further ordered, adjudged and decreed by the court that as above amended the report of the Register as filed in this cause on the 14th day of November, 1933, be and the same is hereby in all things approved and confirmed.

"It is therefore ordered, adjudged and decreed by the court that the complainant have and recover of the said defendant J. A. Hanson the sum of One Hundred Twenty-Four & 33/100 Dollars ($124.33) for the conversion of said three bales of cotton, property of the plaintiff for which execution may issue against the said J. A. Hanson."

The effect of the decree was to set aside the report of the register in this respect, and substitute the finding and conclusion of the court in its stead.

The next contention is, that the evidence in the case does not sustain the conclusion of the court. It is not out of place to observe that under the peculiar facts of this case, where the register has acted solely upon written depositions, the report of the register is not entitled to the same presumption of correctness as where the register acts up-

258

on testimony given ore tenus and has opportunity to see and observe the witnesses.

After careful consideration of the evidence, we are in accord with the conclusion of the trial court as expressed in the decree. While it appears that complainant, in the main, had to rely on the testimony of the respondents, whose testimony is evasive, yet the cotton in question was clearly identified as that raised by H. H. Waldrop and covered by the mortgage, and there is one outstanding fact shown by the testimony of Max Luther, the agent of Weil Brothers, which is, that the three bales of cotton were sold by the appellant Hanson to Weil Brothers, in a lot of 25 bales.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.