188 So. 232

**TAYLOR et al. v. WHITE et al.**

**7 Div. 544.**

Supreme Court of Alabama.

March 30, 1939.

Rehearing Denied May 4, 1939.

Goodhue & Lusk, of Gadsden, for appellants.

O. R. Hood and Roger C. Suttle, both of Gadsden, for appellees.

BROWN, Justice.

The single purpose of the bill is to enforce the specific performance of the contract entered into between appellants and the defendants, Thomas A. White and Mary W. White, on the 22nd of May, 1936, whereby appellants bound and obligated themselves to purchase the property described in the bill, and to pay therefor the sum of $5,000 in cash upon the presentation to complainants by the Whites, of good and sufficient deed conveying a merchantable title, with general covenants of warranty; and the Whites obligated themselves to so convey for the stated consideration. This is so, notwithstanding the bill impleads Crane & MacMahon, Inc., who, as the bill alleges, purchased from the Whites, subsequent to the contract, with notice of the complainants' rights, and the City of Gadsden, a municipal corporation, who as the bill alleges claims a lien upon some part of the property arising out of local improvements made by Alabama City, another municipal corporation, absorbed by said City of Gadsden.

The purchase money paid into the registry of the court with the filing of the bill is not the money of the defendants, or either of them, but is the money of the complainants, tendered in performance of the obligations of the contract, and, so far as appears, the defendants make no claim to any part thereof. Therefore, the allegations of the bill do not bring the case within the influence of § 10390, of the Code, in respect to action in the nature of interpleader, and the mere fact that the complainants claim solicitor's fees, for which the defendants are not liable, does not render the bill demurrable. Amos v. Toolen et al. 232 Ala. 587, 168 So. 687.

Such fees are not allowable unless authorized by statute or contract, the basis of the suit. Pollard et al. v. American Free-

hold Land Mortgage Co. 103 Ala. 289, 16 So. 801; Frazer v. First Nat. Bank of Mobile, 235 Ala. 252, 178 So. 441.

The alleged subsequent purchaser and the lien holder were necessary parties, and the bill is not multifarious. Code 1923, § 6526; Forcheimer v. Foster, 192 Ala. 218, 68 So. 879; Wade v. Robinson et ux, 216 Ala. 383, 113 So. 246; Morgan et al. v. Morgan et al. 3 Stew. 383, 21 Am.Dec. 638; J. E. Butler & Co. et al. v. A. G. Henry & Co. 202 Ala. 155, 79 So. 630.

The complainants plead the contract with White and wife as mutual and binding, and the copy attached as exhibit to the bill, appears on its face to be such contract made on a valuable consideration. The exhibit is treated as a part of the averments of the bill. Conoly v. Harrell, 182 Ala. 243, 62 So. 511.

And on demurrer the averments of the bill are taken as true. Dothan Oil Mill Co. v. Espy, 220 Ala. 605, 127 So. 178; Kelen v. Brewer, 221 Ala. 445, 129 So. 23; 8 Alabama Digest, Equity, ☞239.

Whether the legal title to the property was in Thomas A. White, Mary White or Crane & MacMahon, Inc., is not material. If the averments of the bill are true, it was in one or the other of them, and they are parties before the court.

The rules of good pleading do not require that the complainants anticipate all possible defenses and undertake to negative them or confess and avoid them.

The judgment here is that the Circuit Court erred in sustaining the demurrers.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.