MADDOX, Justice.
The complaint in this case, filed by a husband and wife, sought to divest the homebuilder of any and all right it may have acquired by virtue of a deed from the owners to a lot upon which the builder agreed to build a residential dwelling house. The owners also asked for a rescission of a contract they entered into with the builder, and asked for money damages. The owners claimed that the builder occupied the status of a trustee and that it breached its trust, and also, that it breached the terms of the contract to construct a residential dwelling house for them.
The builder not only denied the breach of any duties imposed upon it, but also denied it breached the contract to construct a residential dwelling house. By counterclaim it sought money damages against the owners, claiming a breach of its contract by the owners.
The case was tried before the court without a jury. The court rendered its decree, denied the owners any relief, and awarded the builder a money judgment on its counterclaim against the owners in the amount of $5,000. In addition, the court ordered the owners to pay the builder’s attorney’s fee in the amount of $750. The builder was ordered to transfer the lot in question to the owners only after the money judgments against the owner had been paid.
The owners appealed, raising two issues:
1. The trial court erred in awarding an attorney’s fee to the builder and its attorneys.
2. The damages assessed against the owners have no reasonable basis in the evidence.
On the first issue, we agree with the owners. The trial judge erroneously awarded an attorney’s fee here because it was neither authorized by statute nor contract on which the suit was based. Taylor v. White, 237 Ala. 630, 188 So. 232 (1939).
On the second issue, we agree with the builder. There is overwhelming evidence upon which the trial judge could have based a finding that the builder was damaged by the breach to the extent of $5,000. Rule 52, ARCP; Hubbard Bros. Construction Co., Inc. v. C. F. Halstead Cont., Inc., 294 Ala. 688, 321 So.2d 169 (1975).
That portion of the judgment which awards Ram Construction Company $750 as attorney’s fees is reversed, otherwise, the judgment is affirmed.
AFFIRMED, IN PART; REVERSED AND REMANDED, IN PART.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.