## Boyce *v.* Union Dime Permanent Loan Association, Appellant.

*Contract—Consideration—Mortgage—Agreement by mortgagee to place insurance—Foreign attachment.*

Where a mortgagor has placed annual insurance on the mortgaged property, and has assigned the policy to the mortgagee, and thereafter the mortgagee for its own advantage and profit agrees to place the insurance itself, and collect the premium afterwards from the mortgagor, and it appears that in placing the insurance in a particular year, the wrong property was described, and the mortgaged property was left uninsured, and a fire resulted, the mortgagee is liable for the loss in assumpsit to the mortgagor, and the latter may maintain a foreign attachment against the mortgagee to recover such loss.

*Appeals—Assignments of error—Evidence—Points.*

An assignment of error to a ruling on evidence which does not set out the testimony referred to, nor give the page of the paper-book, where it is printed in its regular order, violates rule 31, and will not be considered.

An assignment of error to an answer to a point, which does not set out either the point referred to, or the answer totidem verbis violates rule 29.

Argued April 17, 1907. Appeal, No. 128, Jan. T., 1907, by defendants, from judgment of C. P. Luzerne Co., March T., 1905, No. 98, on verdict for plaintiff in case of Anna Boyce v. The Union Dime Permanent Loan Association. Before Mitchell, C. J., Brown, Mestrezat, Potter and Elkin, JJ. Affirmed.

Foreign attachment to recover for a loss resulting from failure to comply with an agreement to insure real estate. Before Ferris, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,597. Defendant appealed.

*Errors assigned* were in the following form :

1. The court erred in not granting a new trial.

2. The court erred in refusing to enter judgment for the defendant non obstante veredicto.

3. The court erred in permitting the testimony of the equity case between Anna Boyce with the Union Dime Permanent Loan Association against the Hamburg Bremen Fire Insurance Company, for the reformation of the policy.

4. The court erred in not affirming the point of the defendant asking for instructions directing the jury to find under all the evidence for the defendant.

*M. H. McAniff,* for appellant.—The declaration being for a negligent act, and not alone to maintain the declaration by excluding the negligent act, and bringing a suit upon a tort, it is contended that under the pleadings a judgment should be entered in favor of the defendant non obstante veredicto : Wood v. Virginia Hot Springs Co., 202 Pa. 40 ; Bldg. & Loan Assn. v. Mayer, 45 Legal Int. 346 ; Jacoby v. Gogell, 5 S. & R. 450 ; Lowry v. Fox, 2 Luz. Leg. Obs. 220.

There was no consideration : King's Est., 150 Pa. 143 ; Logan v. Mathews, 6 Pa. 417 ; Johnston v. Johnston, 1 Grant, 468 ; Carroll v. Nixon, 4 W. & S. 517 ; Whitall v. Morse, 5 S. & R. 358 ; Fisher v. Harrisburg Gas Co., 1 Pearson, 118.

*Thomas F. Farrell,* with him *S. J. Strauss,* for appellee.—It matters not whether the appellant's failure to obtain in-

surance was due to negligence or to any other cause; in any event its failure was a breach of the contract for which the action of assumpsit would undoubtedly lie: Cook v. Haggarty, 36 Pa. 67; Reeside v. Reeside, 49 Pa. 322; Drake v. Phila. & Erie R. R. Co., 51 Pa. 240; Zell v. Dunkle, 156 Pa. 353.

OPINION BY MR. JUSTICE POTTER, June 4, 1907:

The plaintiff owned two properties at Sugar Notch, Luzerne county, located on opposite sides of Main street. Both of the properties were mortgaged to the defendant, The Union Dime Permanent Loan Association of Rochester, New York. The buildings on both properties were insured annually, and the policies assigned to the loan association as collateral for its loans. The association usually paid the renewal premiums on the policies, and collected the amount from the plaintiff. In this way a policy for $1,200 was obtained in March, 1900, by defendant from the Hamburg-Bremen Fire Insurance Company, the loan association ordering and paying for the policy, and the plaintiff afterwards paying it the premium. This policy was intended to insure the house situated on the east side of Main street, and it was to be held as collateral security for the mortgage on that property. By mistake it was written upon the building on the west side of Main street, the description applying to plaintiff's other property which defendant had insured by another policy. Although the association had in its possession the mortgage containing the correct description of the property upon which the house to be insured was located, the descriptions were apparently not compared, and there was a failure to notice that the policy purported to insure a different house, located on the opposite side of the street. The plaintiff relied upon the association for obtaining a proper insurance policy, and paid the premiums, upon the assurance of the general manager of the association, that this had been done.

On February 17, 1901, the house supposed by plaintiff to be insured was destroyed by fire, the loss being a total one. After the fire it was discovered that the policy did not describe the house which had been burned, and the insurance company refused to pay the loss. The plaintiff brought the

present suit in foreign attachment to recover the amount of loss from the association. The court below refused to give binding instructions for the defendant, and the jury found a verdict for the plaintiff in the full amount of her claim. A motion for a new trial and for judgment non obstante veredicto was denied, and judgment entered on the verdict.

The third assignment violates rule 31, in that it does not set out the testimony referred to, nor give the page of the paper-book where it is printed in its regular order. It will not therefore be considered.

The fourth assignment is also defective, and is a violation of rule 29, in that it does not set out either the point referred to, or the answer totidem verbis.

The only question properly raised by the assignments of error, and pressed in the argument, is whether the court below should have entered judgment for the defendant non obstante veredicto. Two reasons are urged why such judgment should have been entered; first, because the claim of the plaintiff was for a tort, and foreign attachment would not lie; and second, that no consideration moved from the plaintiff to the defendant which made the contract for obtaining the insurance binding.

As to the first reason, there was evidence tending to show an express agreement on the part of the loan association to protect the plaintiff by obtaining insurance upon the property. The plaintiff began by obtaining the insurance directly, and having the policies assigned to the defendant. For reasons satisfactory to itself, the loan association saw fit to change this method of procedure and take upon itself the duty of obtaining the insurance. No doubt this course was considered by it as advantageous, perhaps as being more systematic, and presumably as effecting some economy, or to enable it to share the commissions. However that may be, there was sufficient proof to go to the jury of an express undertaking on the part of the defendant to procure insurance upon plaintiff's property, which was mortgaged to it. In this undertaking, the defendant must be held to the performance of whatever in good faith and fairness it ought to have done for the protection of the plaintiff's property. Obviously, its duty was to see that the insurance was validly placed, and an important matter was to see that a correct description of the property insured

was properly inserted in the policy. Failure to do this was plain neglect of duty. If it failed in the performance of this duty, an action of assumpsit would lie. This principle was clearly laid down in Reeside's Exr. v. Reeside, 49 Pa. 322, and reaffirmed in Zell v. Dunkle, 156 Pa. 353. We have no doubt as to the right of the plaintiff in this case to waive the tort, and bring an action of assumpsit. See Whitney v. Haskell, 216 Pa. 622, and cases there cited. Nor do we see any merit in the contention that the agreement of the appellant to attend to the placing of the insurance was without consideration. For its own benefit, and presumably for its own profit, it took the matter out of the hands of the plaintiff, and assumed to procure the insurance. The consideration moving to appellant was sufficient. Authority is ample for holding the defendant responsible. Thus in Soule v. Union Bank, 45 Barb. (N. Y.) 111, it was decided that where a mortgagee charges the mortgagor with the premium for an insurance on his life for three years, and includes the amount in the mortgage as a part of the principal, he is bound to keep the policies alive; and if, in consequence of his neglect to pay the premiums, the policies become extinguished, he is himself liable as an insurer. The court said (p. 118): "If it should be said that the bank (mortgagee) could not be insurer for want of power, the answer is that it is immaterial whether the bank is charged as an insurer or as guilty of negligence in not making the insurance." And in Manny v. Dunlap (U. S. C. C. Dist. of Iowa), 16 Fed. Cases, 658, it was held that if an agent has undertaken to procure insurance, but has done it so negligently that a loss which occurs is not covered by the policy, he is liable to his principal. MILLER, circuit judge, said (p. 659): "The duties of an agent to procure insurance have been often considered by the courts and are rigidly enforced. It has been decided in general terms that when an agent has undertaken, or it has become his duty, to insure, and without good reason he has neglected to do so, he is liable for all loss which may occur, that would have been covered by the policy. . . . Again, if the agent has undertaken to effect insurance, and has done it in a manner so negligent and unskillful that a loss which occurs is not covered by the policy, the agent is liable therefor."

And in the case of Tower v. Grocers' Supply & Storage

Company, 159 Pa. 106, it was held that " where a person engaged in the storage business makes it a part of such business to effect insurance in companies when requested by customers to do so and protects himself for his advances and charges by holding the goods, the agreement to insure is in the direct line of his business and not a contract of insurance requiring certain essential elements to constitute it. It is not a voluntary and gratuitous act, but an undertaking in connection with the bailment."

So in the present case, the defendant, for its own advantage, and in the line of its business, undertook, and made it a part of its business, to place the insurance upon the properties upon which it had made loans. Its undertaking was not voluntary and gratuitous, but was connected with the business of loaning money.

The judgment is affirmed.