W. C. ROBINSON v. C. W. WADE. (5 Div. 900.) (Supreme Court of Alabama. March 19, 1925.) Appeal from Circuit Court, Chilton County; George F. Smoot, Judge. Bill in equity for specific performance by C. W. Wade against W. C. Robinson. Decree for complainant, and respondent appeals. Affirmed.

Reynolds & Reynolds, of Clanton, for appellant.

A bill for specific performance cannot be maintained where the proof fails to sustain the bill with definiteness and particularity. Iron Age Pub. Co. v. W. U. Tel. Co., 83 Ala. 498, 3 So. 449, 3 Am. St. Rep. 758; Derrick v. Monette, 73 Ala. 75; Aday v. Echols, 18 Ala. 353, 52 Am. Dec. 225; Daniel v. Collins, 57 Ala. 625; Jones v. Jones, 155 Ala. 644, 47 So. 80; Roquemore & Hall v. Mitchell Bros., 167 Ala. 475, 52 So. 423, 140 Am. St. Rep. 52; McKleroy v. Tulane, 34 Ala. 81; Bell v. Thompson, 34 Ala. 636; Westbrook v. Hayes, 137 Ala. 572, 34 So. 622.

Thomas A. Curry and J. Osmond Middleton, both of Clanton, for appellee.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. Complainant and respondent entered into a rental contract on May 12. 1922, for the house and lot in question for the balance of said year. The said contract also gave Wade the right to purchase by the

exercise of the option by January 1, 1923, which provided for a cash payment and monthly payments until the purchase price was paid, to be evinced by promissory notes, and Robinson was to give Wade a bond for title. The option was exercised by Wade, who made the cash payment, and which was accepted as such by the respondent, and Wade made monthly payments thereafter, which were accepted by the respondent as partial payment on the purchase price of the lot. True, the series of notes were not actually tendered at the time, but respondent accepted the payments, and when Wade offered the notes he should have accepted same and executed the bond for title. We find nothing in this record which worked a forfeiture of Wade's right to purchase. Zirkle v. Ball, 171 Ala. 568, 54 So. 1000. Indeed, we have encountered few cases which made out a stronger equity for a specific performance, and the only excuse that seems to be advanced by the respondent for the return or rejection of the September check was his failing to get the ones for July and August, which, complainant says, were sent. But whether these two were sent or not would not forfeit the contract of purchase, or deprive the complainant of a specific performance upon the payment or tender of all sums due upon filing the bill. Respondent really makes no meritorious defense to this bill, but seeks a reversal on the ground that there was a variance between the allegation and proof—that the bill avers payment of the July, August, and September installments, when the proof shows that these payments were not made. The complainant claimed to have mailed checks for each of them, but defendant denied receiving the July and August ones, and returned the September one. This, however, was a mere failure of proof as to payment of a small part of the indebtedness, and was not a fatal variance, and the trial court included these installments in the amount due respondent, and required the payment of all matured installments as a condition precedent to awarding the relief sought. The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.