(113 So. 246)

**WADE v. ROBINSON et ux.** (5 Div. 960.)

Supreme Court of Alabama. March 31, 1927.

Rehearing Denied June 15, 1927.

**1. Insurance ☜104 — Mortgagee, agreeing to place insurance on property, must use reasonable care.**

Mortgagee, agreeing to place insurance on property mortgaged, must act in good faith and must use reasonable care.

**2. Insurance ☜104—Vendor under contract of sale, assuming to procure insurance required, had duty of exercising due care.**

Where vendor under contract of sale assumed to procure insurance which purchaser was required to carry, he also assumed duty to exercise due care, and will be held responsible for any loss to purchaser by reason of breach of such duty.

**3. Equity ☜148(3)—Bill for specific performance held not inconsistent and multifarious, because containing averments to quiet title against claim of dower interest by vendor's wife (Code 1923, § 6526).**

Under Code 1923, § 6526, bill for specific performance of contract of purchase *held* not inconsistent and multifarious by reason of appropriate averments to quiet title, so as to set at rest claim of dower interest by vendor's wife, who became such subsequent to execution of contract.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Bill in equity by C. W. Wade against W. C. Robinson and Geneva Robinson. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

J. Osmond Middleton, of Clanton, for appellant.

The bill was not prematurely filed. Chancery rule 45, 4 Code 1923, p. 920; 1 C. J. 1150. The vendor having assumed to insure the property, it was his duty to see that the insurance was validly placed, and for failure to perform this duty the vendee was entitled to credit. 19 R. C. L. 404; Boyce v. Union Dime P. L. Asso., 218 Pa. 494, 67 A. 766, 11 Ann. Cas. 934; Land Mortgage & Inv. Co. v. Gillam, 49 S. C. 345, 372, 26 S. E. 990, 29 S. E. 203; Keith v. Crump, 22 Ind. App. 364, 53 N. E. 839; Bates v. Northern Bond Co., 129 Wash. 343, 225 P. 52; Campbell v. Canadian Co-op. Inv. Co., 16 Manitoba L. R. 464; Minn. Threshing Mach. Co. v. Darnall, 13 S. D. 279, 83 N. W. 266; Comm. F. I. Co. v. Obenchain (Tex. Civ. App.) 151 S. W. 611; Soule v. Union Bank, 45 Barb. (N. Y.) 111. A bill may be amended as of right before final decree, introducing new matter and new parties necessary to a complete determination of the controversy. Ala. Term. Co. v. Hall, 152 Ala. 262, 44 So. 592; Sloss Co. v. McLaughlin, 182 Ala. 266, 62 So. 96; Cain v.

Gimon, 36 Ala. 168; Ingraham v. Foster, 31 Ala. 123; Milner v. Stanford, 102 Ala. 277, 14 So. 644.

Grady Reynolds and O. L. Reynolds, both of Clayton, for appellees.

The bill is prematurely filed. Appellee could not be required to perform the contract before the time agreed and before payment of the entire purchase price. The bill does not offer to do equity. Gentry v. Rogers, 40 Ala. 448; Billingsley v. Billingsley, 37 Ala. 425; Cox v. Boyd, 38 Ala. 42; Taylor v. Newton, 152 Ala. 459, 44 So. 583; Ashurst v. Peck, 101 Ala. 499, 14 So. 541; Campbell v. Lombardo (Ala. Sup.) 39 So. 573; Id., 153 Ala. 489, 44 So. 862; Rice v. Rice, 199 Ala. 672, 75 So. 21; Scott v. Vizard, 207 Ala. 70, 91 So. 806. The agreement with respect to insurance was for the sole benefit of appellee according to the contract, and appellant is in no position to complain of appellee's failure in the premises. 19 R. C. L. 405; Cont. F. I. Co. v. Brooks, 131 Ala. 614, 30 So. 876. The averments of the amended bill are repugnant and inconsistent. Mobile Bank v. Burke, 94 Ala. 125, 10 So. 328; Henry v. Tenn. L. S. Co., 164 Ala. 376, 50 So. 1029; Stein v. McGrath, 116 Ala. 593, 22 So. 861; P. & M. Mut. Ins. Co. v. Selma Sav. Bank, 63 Ala. 595; Shortridge v. Sou. M. L. Co., 186 Ala. 660, 65 So. 354.

GARDNER, J. Appellant filed this bill for specific performance of a contract of purchase of a certain house and lot in Clanton, Ala., which contract was approved by this court in Robinson v. Wade, 212 Ala. 698, 103 So. 920. Under the decree of the court below in this former litigation the sums to be paid and the dates of such payments were fixed, and many monthly installments of $100 each therein provided.

The bill, as amended, alleges a payment of $600 to the vendor W. C. Robinson and to the register under decree of the court for said Robinson of $2,821.86. The notes bear interest, and it is insisted that the bill was prematurely filed, in that there was yet remaining unpaid a small sum at the time the bill was filed, but not then due. Construing the bill most strongly against the pleader, we think this insistence is correct, and this brings us to a consideration of the pivotal question in the case. The contract contained the following provisions as to insurance upon the house:

"Should said Wade purchase said lot, he is to assume payment of taxes for 1923 and later years. Also insurance from date of purchase to be assumed by said Wade, and payment of policy to go to said W. C. Robinson in case of fire in such amount as is required to satisfy balance due said Robinson for purchase price with interest. * * * Said Wade to keep property of said Robinson insured in favor of

said Robinson until indebtedness is paid, or said Robinson may do so and add cost of same to purchase price of lot."

And the former decree of the court as to such contract provided for the payment by this complainant of the several installments, all taxes, "and the maintenance by complainant of policy or policies of insurance against loss by fire of any improvements of said property payable to defendant as his interest may appear, or in lieu of such insurance the payment by said complainant to defendant of such sums as may be expended by defendant in procuring and maintaining such insurance." The amended bill avers that defendant W. C. Robinson elected on May 15, 1923, to take out insurance upon the property in the sum of $1,500; the premium therefor being paid by complainant to the register for the benefit of said defendant, as was required under the contract and former decree of the court. The property was destroyed by fire on July 15, 1923, and complainant alleges that the insurance thereon was rendered uncollectable by reason of the neglect on said defendant's part to truly state the interest of himself and complainant in the property, and that defendant has thus breached his contractual obligation to protect complainant's interest therein. The bill seeks credit for the $1,500, alleged to be lost to complainant, and a decree over for any remaining sum.

[1] If complainant was entitled to such credit, very clearly, under the terms of the contract so providing, the bill was not prematurely filed, and all payments completed. We think the principle is very generally recognized that a mortgagée (the vendor under this contract occupying similar position—Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876) who agrees to place insurance on the property mortgaged must act in good faith and must use reasonable care. This principle was given application in Boyce v. Loan Ass'n, 218 Pa. 494, 67 A. 766, 11 Ann. Cas. 934, where it was held that, when a mortgagee who has received for his protection an assignment from the mortgagor of a policy of fire insurance on the premises, afterwards, for reasons satisfactory to himself, assumes the duty of obtaining the insurance and collects the premiums from the mortgagor, it becomes the duty of the mortgagee to see that the insurance is validly placed, and, for a failure to perform the duty and a resulting loss, the mortgagor may maintain suit for recovery thereof. Authorities in its support are cited in the note. We find nothing in the case of Fire Ins. Co. v. Brooks, supra, and 19 R. C. L. p. 405, cited by counsel for appellee that is in conflict with the above noted authorities.

The insurance to be procured was for the benefit of both parties, and we think the amended bill sufficiently shows that the vendor elected to exercise the privilege of taking out the insurance as provided in the contract, and that the premium therefor was chargeable to the complainant and was in fact paid to the register for said Robinson.

[2] In so assuming himself to procure the insurance, Robinson also assumed the duty to exercise due care, and is to be held responsible for any loss to complainant by reason of a breach of such duty.

[3] To the original bill Geneva Robinson, the wife of W. C. Robinson, was made a party, and in the amended bill it was alleged that the contract here involved was executed by W. C. Robinson prior to his marriage, but that, nevertheless, the defendant Geneva Robinson was claiming a dower interest therein. The amended bill, therefore, contained appropriate averments to quiet the title, so as to set at rest such contention, and thus procure a final determination as to the title to said property, so far as the same arises from said contract. It is insisted that these averments render the bill inconsistent and multifarious, but we think the following quotations set out in Forcheimer v. Foster, 192 Ala. 222, 68 So. 880, a sufficient answer to this argument:

"'It is not necessary that all the parties should have an interest in all the matters of controversy; it is sufficient if each defendant has an interest in some of the matters involved and they are connected with the others.' Truss v. Miller, 116 Ala. 495, 22 So. 863. 'A bill is not multifarious which unites several matters distinct in themselves, but which together make up the complainant's equity and are necessary to complete relief.' Stone v. Knickerbocker Ins. Co., 52 Ala. 589. 'The reason of the rule is that courts of equity are averse to a multiplicity of suits, and always strive to prevent unnecessary litigation, as far as possible, without, at the same time vexing parties with the litigation of questions with which they have no concern.' Bolman v. Lohman, 74 Ala. 507."

The following authorities are also in point: Frazier v. Frazier, 211 Ala. 176, 100 So. 118; Butler v. Henry, 202 Ala. 155, 79 So. 630—and in harmony with our statute (section 6526, Code of 1923).

We therefore conclude the bill, as amended, was not subject to the demurrer interposed thereto. The decree will be reversed, and the cause remanded to the court below for proceedings in conformity to the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.