(127 So. 170)

### ROBINSON et al. v. WADE.

#### 5 Div. 24.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

See, also, 216 Ala. 383, 113 So. 246.

Steiner, Crum & Weil, of Montgomery, and Grady Reynolds, of Clanton, for appellants.

J. Osmond Middleton, of Clanton, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

GARDNER, J.

The appeal is from a final decree in favor of appellee against appellants for specific performance of a contract of purchase of a house and lot in Clanton, Ala. The equity of the amended bill was upheld on former appeal. Wade v. Robinson, 216 Ala. 383, 113 So. 246, and the question here presented is largely one of fact. A reference to the former opinion will disclose that under the terms of the contract it was contemplated that insurance would be procured on the property for the protection of both parties thereto, Wade the purchaser, and Robinson the seller, as his interest might appear, and that Robinson was authorized to procure the insurance and add the cost thereof to the purchase price. On May 15, 1923, insurance was procured by Robinson in the sum of fifteen hundred dollars, and the premium therefor was paid by Wade to the register in accordance with the decree of the court rendered in a previous litigation arising from this purchase transaction. Robinson v. Wade, 212 Ala. 698, 103 So. 920.

■ We will enter into no detailed discussion of the evidence. Upon the question as to whether or not the above noted insurance was in fact procured under the terms of the contract, the evidence is in dispute. Each of the parties had an insurable interest in the property. 26 C. J. 31, 32. The evidence of Wade and his wife is clear and emphatic, however, to the effect that the fifteen hundred dollars was procured by Robinson pursuant to this agreement; it also being understood that the premium therefor was to be charged to Wade.

■ We have not overlooked defendant's denial and complainant's previous testimony in connection with conversation with defendant's father, now deceased. But, viewed in the light of all the facts and circumstances here appearing, we are persuaded complainant's theory is the correct one, and that the insurance was pursuant to the contract. In procuring such insurance the court held on former appeal that Robinson owed to Wade the exercise of due care that his interest be protected, and must be held responsible for any loss to him by reason of a breach of such duty. The policy was in Robinson's name only. The insurance has not been paid, and the evidence indicates liability is denied because of the stipulation that Robinson was the sole owner of the property, and in the event of interest in any one else, the policy should be void. Defendant insists the agent knew of the contract with complainant, but the language of the policy discloses that he failed to measure up to the standard of due care in procuring a valid contract of insurance, so far as his duties to complainant are concerned. If by reason of extraneous proof collection of the policy could be had (a matter not here to be considered), then the duty to act rested upon defendant, for the contract looked to complainant's protection in a substantial and practical manner—indemnity against loss in the event of fire. The building, aside from complainants' improvements, had an agreed valuation of two thousand dollars. Complainant placed improvements thereon of equal value, and procured insurance to protect the same, a policy of one thousand dollars, and collected six hundred dollars in settlement. This policy was taken out several months after the contract, and, so far as here appears, defendant knew nothing of its existence prior to the loss. We think it clearly appears this policy was in no manner connected with the contract, and its issuance is without any bearing upon the case.

■ The failure of proof as to specific declination of defendant to execute title affects only the question of cost. Eason v. Roe, 185 Ala. 71, 64 So. 55; Ashurst v. Peck, 101 Ala. 499, 14 So. 541; Forrester v. Granberry, 211 Ala. 402, 100 So. 551.

That complainant's rights have been bitterly contested all the way is to be noted from the two decisions hereinabove cited, as well as the present litigation, and a formal declination to execute title could add nothing to the continuous and emphatic refusal as therein disclosed. This is not a case for imposition of cost upon complainant.

We find no error. Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.