**Bernard E. HONAKER, Jr. and Cynthia S. Honaker, his wife, Plaintiffs,**

**v.**

**FARMERS MUTUAL INSURANCE COMPANY et al., Defendants.**

Superior Court of Delaware,
New Castle.

Nov. 5, 1973.

---

1.  This does not involve injury resulting from a manufacturer's product.

Clement C. Wood, of Allmond & Wood, Wilmington, for plaintiffs.

Roger P. Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant Peoples.

## OPINION ON DEFENDANT PEOPLES' MOTION FOR SUMMARY JUDGMENT

TAYLOR, Judge.

Plaintiffs obtained a mortgage loan on their property from defendant Peoples Bond and Mortgage Company [Peoples]. The mortgage required plaintiffs to maintain insurance coverage on the property in an amount sufficient to cover the mortgage. In addition, the mortgage required plaintiffs to pay to Peoples monthly pay-

ments sufficient to pay the premium for the insurance coverage when the premium becomes due. The mortgage subsequently was assigned to Cortland Savings Bank [Cortland] but Peoples remained as the servicing agent for the mortgage. The three year insurance policy which was taken out at the time the mortgage loan was made expired on September 16, 1971. Thereafter, there was no insurance coverage on the property. On February 1, 1972, the property was damaged by fire. Plaintiffs seek damages from peoples, Cortland, the carrier of the original policy which had expired, and the agents who arranged the sale of the property to plaintiffs and who placed the original insurance. The matter is before the Court on the motion of Peoples for summary judgment.

Three issues exist as to the rights of plaintiffs against Peoples, the first is the rights and obligations flowing from the terms of the mortgage; the second is the rights which plaintiffs may have by virtue of a servicing agreement between Peoples and Cortland; and the third is the rights and obligations of Peoples by virtue of its dealings with plaintiffs.

Turning to the rights and obligations arising under the terms of the mortgage, the mortgage provided that:

"Mortgagor will keep the improvements now existing or hereafter erected on the mortgaged premises, insured as may be required from time to time by the Mortgagee against loss by fire and other hazards, casualties and contingencies in such amounts and for such periods as it may require and will promptly pay, when due, any premiums on such insurance, provisions for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Mortgagee and the policies and renewals thereof shall be held by it and have attached thereto loss payable clauses in favor of and in form acceptable to Mortgagee."

The mortgage further provided that plaintiffs would make monthly escrow payments sufficient to cover the insurance premiums when due. Following the tradition in this State, the mortgage was signed by the plaintiffs as mortgagors and was not signed by the mortgagee Peoples. The undertakings described above were preceded by the statement that the undertakings were "in order more fully to protect the security of this mortgage". Plaintiffs rely upon Soule v. The Union Bank, N.Y. Supr., 45 Barbour 111 (1865); and Wellens v. Perpetual Building Ass'n, D.C. Mun.Ct.App., 184 A.2d 36 (1962) in support of the proposition that the servicing of this mortgage under the terms of the mortgage created an obligation on the part of Peoples to secure and maintain the insurance coverage. *Soule* involved an actual placing of life insurance on the life of the borrower for a lesser term than was required by the loan agreement and an election by the mortgagee to retain the premium and assume the risk itself. *Wellens* involved the placing of insurance on part but not all of the buildings of the mortgaged premises. Both cases are distinguishable upon their own facts.

■ The Court holds that the terms of the mortgage in this case did not, per se, impose an obligation upon Peoples to maintain insurance on the property. Tonini v. Thurman, Okl.Supr., 192 Okl. 421, 136 P. 2d 909; Boyce National Community Bank and Trust Company v. Albany, N.Y.Supr., 41 Misc.2d 1071, 247 N.Y.S.2d 521 (1964), aff'd, 22 A.D.2d 848, 254 N.Y.S.2d 127; Warrener v. Federal Land Bank of Louisville, Ky.Supr., 266 Ky. 668, 99 S.W.2d 817 (1936); Hampton v. Gulf Federal Savings and Loan Ass'n, Ala.Supr., 287 Ala. 172, 249 So.2d 829 (1971). Peoples' obligation under the mortgage was to receive the escrow payments, to retain those payments and to apply them to the payment of insurance premiums and other specified purposes upon receipt of bills therefor. Peoples did not by the terms of the mortgage

have the obligation under the terms of the mortgage to obtain the insurance. The fact that the mortgage expressly placed the obligation upon plaintiffs to obtain the insurance negatived any obligation which might otherwise have been implied against Peoples to obtain the insurance.

■ The next issue is whether plaintiffs can recover from Peoples based on the obligation which Peoples undertook in its servicing agreement with Cortland to see that the premises were insured. Under proper circumstances, a person may assert rights under an agreement to which he is not a party. Wilmington Housing Authority v. Fidelity & Deposit Co. v. Maryland, Del.Supr., 4 Terry 381, 47 A.2d 524 (1946); Royal Indemnity Co. v. Alexander Industries, Inc., Del.Supr., 211 A.2d 919 (1965); Astle v. Wenke, Del.Supr., 297 A. 2d 45 (1972). If plaintiffs are to benefit from the servicing agreement between Peoples and Cortland, plaintiffs must qualify as a donee beneficiary. It is to be noted that the servicing agreement contains no language indicating an intention to benefit plaintiffs. One may qualify as a donee beneficiary "if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promise in obtaining the promise . . . was to make a gift to the beneficiary or to confer upon him a right against the promissor to some performance neither due nor supposed or asserted to be due from the promissee to the beneficiary." Restatement, Contracts, § 133(1)(a). If such qualification is found, the promissor has a duty to the donee beneficiary to perform the promise. Ibid, § 135. Charles K. Bowman, Vice President of Cortland testified that the insurance requirement of the servicing agreement was for the benefit of both Cortland and the mortgagors. While this is not dispositive of the issue, it is sufficient to deny summary judgment on this issue. See 4 Corbin on Contracts, 20, § 776; Jones v. Julian, Del.Supr., 195 A.2d 388 (1963).

At the time of the original policy, plaintiffs were aware that that policy was a three-year policy. However, plaintiffs thought the policy was automatically renewable. This impression grew out of an explanation at settlement. Thereafter, Peoples sent a payment notice to plaintiffs each month which stated:

"A. If your policy is not received as requested, it will be necessary for us to order the required coverage charging your escrow account for the premium.

B. We suggest you refer this to your insurance agent or broker."

Plaintiffs have testified that they understood this notice to mean that Peoples would provide insurance and pay for it out of the escrow funds if plaintiffs failed to provide insurance. Moreover, the quoted language must be considered in the light of the fact that Peoples continued to demand and receive from plaintiffs the same monthly escrow payment that had been paid while insurance was in effect. There is at least some evidence that Peoples had been notified of the expiration of the former policy.

The matters discussed above are matters which should not be disposed of on Peoples' motion for summary judgment. Ebersole v. Lowengrub, Del.Supr., 4 Storey 463, 180 A.2d 467 (1962). Morover, there is an issue concerning the relationship between Peoples, the Peoples Agency and the insurance broker and conversations by an employee of the insurance broker with one of plaintiffs concerning insurance coverage.

At this stage of the proceeding, it is unnecessary to consider whether Peoples should be held liable for merely the damage to the real property or whether liability extends to all the losses covered by the original homeowners policy, since this issue is dependent in part upon the disputed facts and inferences involved in the basic issue of Peoples' liability.

The final issue raised in this motion is Peoples' liability for attorneys' fees. Plaintiffs claim that Peoples is liable for attorneys' fees by virtue of 18 Del.C. § 4102 which provides:

"The court upon rendering judgment against any insurer upon any policy of property insurance, as 'property' insurance is defined in section 904 of this title, shall allow the plaintiff a reasonable sum as attorney's fees to be taxed as part of the costs."

■ To qualify under this section, there must be (1) a judgment, (2) against an insurer, (3) upon a policy of property insurance. An insurer is "every person engaged as principal and as indemnitor, surety, or contractor in the business of entering into contracts of insurance." 18 Del.C. § 102(c). Insurance is "a contract whereby one undertakes to pay or indemnify another as to loss from certain specified contingencies or perils, called 'risks,' or to pay or grant a specified amount or determinable benefit in connection with ascertainable risk contingencies, or to act as surety." 18 Del.C. § 102(b). Property insurance is "insurance on real or personal property of every kind and of every interest therein against loss or damage from any and all hazard or cause, and against loss consequential upon such loss or damage, other than noncontractual legal liability for any such loss or damage."

Plaintiffs contend that Peoples is liable under the quoted section because of contractual obligations. The contention is that Peoples undertook or obligated itself to procure or obtain insurance. It is not, however, contended that Peoples undertook to issue an insurance policy or that it entered into an insurance contract as contemplated by the statute. Moreover, the record does not indicate that Peoples was an "insurer" within the meaning of the statute. Any recovery against Peoples would not, in the present posture of the case, be a recovery upon a policy of prop-

erty insurance as required by the statute. Nothing in the record contemplates that Peoples would retain the escrow payments in exchange for its own insurance undertaking.

In an action at law, attorneys' fees will not be awarded unless clearly provided for by statute or contract. Great American Indemnity Co. v. State, Del.Supr., 32 Del.Ch. 562, 88 A.2d 426 (1952); Maurer v. International Re-Insurance Corp., Del. Supr., 33 Del.Ch. 456, 95 A.2d 827 (1953).

Accordingly, the Court holds that the recover of plaintiffs' claim against Peoples would not qualify for allowance of attorneys' fees against Peoples under 18 Del.C. § 4102.

Summary judgment is granted in favor of Peoples with respect to any claim by plaintiffs founded on the mortgage, standing alone and with respect to the claim for attorneys' fees. In all other respects the motion for summary judgment is denied.

It is so ordered.