# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

MARGOLIS EDELSTEIN, )
                    )
     Plaintiff, )
                    )
        v. )      C.A. No. CPU4-11-006501
                    )
CFT AMBULANCE SERVICE, INC., )
                    )
     Defendant. )

Submitted: September 19, 2014
Decided: November 14, 2014

Herbert W. Mondros, Esq.
300 Delaware Ave., Suite 800
Wilmington, Delaware 19801
*Attorney for Plaintiff*

Stephen B. Potter, Esq.
840 N. Union Street
Wilmington, DE 19805
*Attorney for Defendant*

## ORDER ON DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

This matter is before the Court on Defendant CFT Ambulance Service's ("CFT") motion to vacate a default judgment entered by the Clerk of the Court of Common Pleas on May 11, 2012, pursuant to *Court of Common Pleas Civil Rule* 55(b)(1). Additionally, before the Court is Plaintiff Margolis Edelstein's ("Edelstein") motion to compel CFT to produce witnesses for deposition pursuant to *Court of Common Pleas Civil Rule* 30(b)(6). This is the Court's decision on the pending motions.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2011, Edelstein filed a complaint against CFT alleging breach of contract for CFT's failure to pay legal fees; conversion of funds for services rendered; and unjust enrichment. CFT did not file an answer. On May 11, 2012, Edelstein filed a Default Judgment pursuant to Court of Common Pleas Civil Rule 55(b)(1). Attached to the motion is an affidavit which seeks attorneys' fees of $1,000.00 for past and future services. The Clerk of Court entered judgment in the amount of $15,954.49, costs and attorney's fees, totaling $17,698.08.

On July 17, 2014, CFT filed the instant motion to vacate the default judgment pursuant to Court of Common Pleas Civil Rule 60(b). CFT alleges Edelstein's motion for default judgment fails to meet the requirements of Civil Rule 55(b)(1). Specifically, CFT argues that legal fees are not a sum certain and as such a motion under this rule is not permitted. CFT further argues that the default should have been brought under *Civil Rule 55(b)(2)* which provides for an investigation by the court into the sum demanded. CFT also argues that the engagement letter does not contain a contractual provision providing for the recovery of fees for collection and enforcement of the retainer agreement.[1] For these reasons, CFT alleges that the entry of default is void.

On September 16, 2014, Edelstein filed a response. Edelstein contends that since the entry of default judgment, CFT has paid $15,500.00 of the $17,698.08, leaving an outstanding balance of $2,198.08. Further, Edelstein argues that more than two years has passed since the entry of default judgment. Therefore Edelstein reasons that CFT may not

---

[1] CFT specifically disputes $1,330.00 in attorney's fees that have been awarded, and charges that have been assessed since the entry of default, bringing the new total to $19,881.00 owed.

rely upon Rule 60(b)(6) for support because when analyzing the motion, and the Court must take into consideration the action of the party and the length of the delay in filing the motion. Finally, Edelstein asserts that CFT has not shown the existence of extraordinary circumstances that rise to the level of excusable neglect. Edelstein points to the fact that during the collection proceeding, CFT emailed its office with offers of payment on three occasions to cancel pending Sherriff sales.

In response to CFT's motion to vacate, Edelstein filed a notice of deposition alleging that CFT, in its motion to vacate, raises allegations which "appear for the first time in the history of the lawsuit, and references documents that are not attached." Edelstein claimed that in order to prepare a response to CFT's motion, Edelstein needs to depose agents of CFT. Edelstein also requested the documents relied on to support CFT's allegations in paragraphs 1-12 of the motion to vacate. The deposition was scheduled for, but did not occur on September 2, 2014. On September 11, 2014, Edelstein filed the instant motion to compel, alleging CFT did not produce the witnesses or requested documents, and did not attempt to reschedule the deposition. On September 16, 2014, CFT filed a response to the motion to compel. CFT argues that Court of Common Pleas Civil Rule 26(b)(1) states that discovery is limited to the subject matter of the pending action, and because this matter resulted in a default judgment, discovery would be premature until the default judgment is vacated. Further, CFT argues that the only issues for this motion are questions of law, therefore, no fact-finding needs to occur except for what is presently in the record.

## ANALYSIS

### I.        CFT's Motion to Vacate Default Judgment

"A motion to vacate a default judgment pursuant to . . . Civil Rule 60(b) is addressed to the sound discretion of the Court."[2] "Delaware courts review such motions with favor because they promote Delaware's strong judicial policy of deciding cases on the merits, giving parties to litigation their day in court." [3] As such, all doubts should be resolved in favor of the movant.[4] Three elements must be shown before a motion to vacate judgment may be granted:

> (1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted.[5]

"Excusable neglect is defined as neglect which might have been the act of a reasonably prudent person under the circumstances."[6] While Rule 60(b) does not require a movant to file a motion within a particular time period, the courts have held that unreasonable delay in bringing such a motion will preclude the Court from granting relief.[7]

The Court may consider a motion to vacate under Rule 60(b)(6), "any other reason justifying relief" whenever such action is appropriate to accomplish justice.[8] Paragraph (b)(6) is an independent ground for relief, with a different standard to be applied than under the

---

[2] *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, CIV.A.02C-040212JRS, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Lewes Dairy, Inc. v. Walpole*, 1996 WL 111130, at *2 (Del. Super. Jan. 5, 1996).
[7] *Id.*
[8] *Jewell v. Div. of Social Servs.*, 401 A.2d 88 (Del. 1979).

other paragraphs of Rule 60.[9] The movant must demonstrate a showing of "*extraordinary circumstances.*"[10] "Rule 60(b)(6) is a 'grand reservoir of equitable power to do justice in a particular case.'"[11] "Like the other provisions of Rule 60(b), the interest of justice provision is addressed to the Court's sound discretion."[12] The Superior Court has held that "[d]espite the broad power inherent in the provision, the Court must, of course, identify a *valid* reason to grant relief from a judgment, and must recognize that such reasons exist only in 'extraordinary situation[s] or circumstances.'"[13] "Generally speaking, the extraordinary circumstances test is not defined but rather is *illustrated by way of the facts.*"[14] "Extraordinary circumstances do not exist where the conduct of the moving party has been intentional or willful."[15]

Under a Rule 60(b) analysis, CFT has not shown excusable neglect. Delaware law requires that an answer is to be filed within twenty (20) days after service of the complaint.[16] Here, CFT did not enter an appearance until July 15, 2014, more than two years after the default judgment was entered. CFT has not provided any compelling facts which demonstrate neglect that support a basis for the Court to vacate the judgment for failure to file an answer.

---

[9] *Id.*

[10] *Id.* (emphasis added).

[11] *Rembrandt Technologies, L.P. v. Harris Corp.*, 2009 WL 2490873, at *2 (Del. Super. Ct. Aug. 14, 2009) (citing *Compton v. Alton Steamship Co.*, 608 F.2d 96, 106 (4th Cir. 1979)).

[12] *Wife B v. Husband B,* 395 A.2d 358 (Del. 1978).

[13] *Rembrandt Technologies,* 2009 WL at *2 (citing *Jewell*, 401 A.2d at 90) (emphasis added).

[14] *Cristina Bd. of Educ. v. 322 Chapel St.*, Civ. A. No. 88C-08-227, 1995 WL 163509, at *7 (Del. Super. Ct. Feb. 9, 1995) (emphasis added).

[15] *Concors Supply, Co. v. Jon Berger d/b/a Jon' B's Restaurant*, 1988 WL 130437, at *3 (Del. Super. Nov. 9, 1988).

[16] Ct. Com. Pl. Civ. R. 12(a).

However, CFT has raised a credible argument under 60(b)(6) where the Court may exercise its discretion to accomplish justice. CFT argues that in absence of a statute or contractual provision, to award attorneys' fees, the Court must analyze the nature of the services rendered and the complexity of the issues.[17]

Court of Common Pleas Civil Rule 55(b)(1) provides that the Clerk may enter judgment against a defendant:

> When plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Clerk of the Court upon written direction of the plaintiff and upon affidavit of the amount due, shall enter judgment against the defendant, if the defendant has failed to appear . . . unless the defendant is an infant or incompetent person . . . . The party shall submit with the party's direction to the Clerk of the Court to enter judgment a statement showing the principal amount due, which shall not exceed the amount demanded in the complaint, giving credit for any payments and showing the amounts and dates thereof, and a computation of interest to the date of judgment.[18]

Therefore, the Clerk of Court has authority to enter default judgment only where the specific circumstances under the rule are demonstrated. The direction in this case was for legal services rendered. While there may be a sum demanded, it is not based upon a note or instrument and subject to computation without evaluation. The instant motion to enter default merely set a sum certain and did not itemize the services rendered.

Moreover, Edelstein's Affidavit for entry of default judgment seeks "all reasonable attorneys' fees and expenses incurred by Plaintiff thus far in this action, plus future

---

[17] *Honaker v. Farmers Mutual Insurance Co.,* Del.Super., 313 A.2d 900 (1973); *J.J. White, Inc. v. Metropolitan Merchandise Mart,* supra; *Great American Indemnity Co. v. State,* 32 Del. Ch. 562, 88 A.2d 426 (1952); *Maurer v. International Re-Insurance Corp.,* 33 Del. Ch. 456, 95 A.2d 827 (1953).
[18] Ct. Com. Pl. Civ. R. 55(b)(1).

collection expenses."[19] Regarding present expenses and Attorneys' fees, Delaware follows the American Rule, which requires that "litigants are normally responsible for paying their own litigation costs."[20] Furthermore, Delaware law is well settled that a court may not order court costs and attorneys' fees to be paid by the losing party unless such payment is authorized by some provision of statute or contract.[21] A review of the retainer agreement does not provide a provision for the payment of Attorneys' fees and court costs in a potential fee dispute between the parties.[22]

Edelstein's argument that CFT, in filing the instant motion to vacate, is estopped from challenging the judgment due to untimely filing is misplaced. While there is clear delay in bringing the motion, such delay does not prevent the court from reviewing when the judgment was improperly granted. So long as the Court can identify a valid reason to vacate the Default Judgment, it may do so.[23] In this case, default judgment should never have been entered under Civil Rule 55(b)(1) due to lack of a sum certain. Therefore, CFT's motion to vacate default judgment has merit.

## II. Edelstein's Motion to Compel

Court of Common Pleas Civil Rule 37(a) governs motions for order compelling discovery and provides that:

> A party, upon reasonable notice to other parties and all persons
> affected thereby, may apply for an order compelling discovery

---

[19] Pl.'s Notice of Direction of Default Judgment, Ex. A.

[20] *SIGA Technologies v. PharmAthene, Inc.*, 67 A.3d 330, 352 (Del. 2013).

[21] *See fn.* 19.

[22] *See* Compl. Ex. A, Engagement Letter.

[23] *Rembrandt Technologies,* 2009 WL at *2 (citing *Jewell*, 401 A.2d at 90).

as follows… (2) Motion. If… a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request…(3)…For purposes of this subdivision an evasive or incomplete answer or response is to be treated as a failure to answer or respond.[24]

Additionally, Court of Common Pleas Civil Rule 30(a) provides that:

After the commencement of any action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of Court is only required when a party seeks to take a deposition prior to the expiration of thirty (30) days after service of the summons.[25]

Edelstein claims it was attempting to conduct discovery in preparation of its response to CFT's motion to vacate. Edelstein has since filed a response. Edelstein's assertion that CFT raises allegations that "appear for the first time in the history of the lawsuit, and references documents that are not attached" provides good cause to conduct a deposition. CFT's claim that discovery at this point is premature would have merit if the motion to vacate was denied. However, because the default judgment must be vacated, the matter is not ripe for resolution. The final decision on this motion is reserved, until CFT has filed a response to the Complaint as required by *Civil Rule 12(a)*.

---

[24] Ct. Com. Pl. Civ. R. 37(a).
[25] Ct. Com. Pl. Civ. R. 30(a).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that CFT's motion to vacate default judgment is granted.

Edelstein's motion to compel is reserved for further consideration.

**SO ORDERED**

_____
Alex J. Smalls
Chief Judge

Edelstein-ORD Nov 2014

9